MERRITT et al. v. KING et al.

No. 4404.

Court of Civil Appeals of Texas. Texarkana.

Nov. 29, 1933.

Rehearing Denied Dec. 21, 1933.

Wynne & Wynne and H. M. Harrington, all of Longview, Rosser Thomas, of Houston, and Olga Herrmann, of Kilgore, for appellants.

Jno. T. Buckley and J. H. Beavers, both of Longview, for appellees.

LEVY, Justice.

The appellees, A. A. King and others, brought the suit against appellants, A. P. Merritt, John Henry Williams, and others in trespass to try title to 4.17 acres of land, described by metes and bounds, in the Mary Van Winkle headright survey in Gregg county. The plaintiffs alleged ownership of the land in fee-simple title, and also by adverse

possession under the five and ten year statute of limitation. The defendant John Henry Williams and the several other defendants who are appellants made answer containing the pleas of not guilty and the statute of limitation of five, ten, and twenty-five years. They also filed a cross-action against the plaintiffs, alleging "that the said John Henry Williams purchased the land herein sued for more than twenty years ago from the ancestor of the plaintiffs, to-wit: J. S. King and wife, and paid a valuable consideration for same, and all the consideration called for in the contract of purchase and sale; that John Henry Williams went into the active possession of all of said premises more than twenty years ago and he and his wife have remained in unbroken possession of all of said premises continuously for more than twenty years." The cross-action also contained allegations seeking to have canceled a deed of date January 7, 1932, executed by John Henry Williams and wife conveying to the plaintiffs "1.17 acres out of this tract of 4.17 acres which the defendants had so purchased and occupied." The grounds set up for cancellation of the deed were the plaintiffs demanded it be executed "upon the false and wanton pretext that said 1.17 acres was excess over and above the land which their ancestor had intended to convey," and "by force, fraud and threats the plaintiffs induced" John Henry Williams to execute the deed.

The plaintiffs made answer to the cross-action, specially denying the allegations, and further denying any holding of the land by defendants adversely to J. S. King.

It is unnecessary to make statement respecting the numerous other defendants, as they are not appellants here and have no interest in this appeal.

The plaintiffs introduced in evidence a patent from the state of Texas to Mary Van Winkle of the date January 5, 1849, to a league of land on the waters of Sabine river, and in the north portion of the county of Rusk (now in Gregg county); a warranty deed from John G. Harnage and wife to J. S. King, of date October 10, 1890, conveying 175 acres of land out of the Mary Van Winkle league. There was evidence on the part of the plaintiffs going to show that the land in suit was situated on the northwest side and was a part of the 175-acre tract conveyed to J. S. King.

Upon the purchase of the 175-acre tract in 1908, J. S. King, as proven, moved on it, and he and his wife and children occupied it as homestead, and used and cultivated it until the death of J. S. King in 1927. The wife of J. S. King died in 1929. The plaintiffs are the children of J. S. King.

The defendants offered in evidence the deed to J. S. King from John G. Harnage and wife, of date October 10, 1890, conveying 175 acres of the Mary Van Winkle league. And the evidence in behalf of the defendants goes to establish that J. S. King in the year 1908 contracted to sell and convey to John Henry Williams a parcel of land on the northwest side of the 175-acre tract; that a deed was made by J. S. King, but was destroyed and not recorded; that John Henry Williams and wife went into actual possession of the parcel of land, and fenced and resided upon and used same from 1908 to date of the suit, being over twenty-three years. The evidence is in conflict as to the quantity of land purchased by John Henry Williams, and that was under fence by John Henry Williams. According to the oral evidence in behalf of defendants, John Henry Williams bought a tract of 4 acres, more or less, and is the land in suit, and of which 1.17 acres is a part. According to the oral evidence in behalf of the plaintiffs, the tract of land purchased by John Henry Williams consisted of 3 acres on the northwest of the 175-acre tract, and the fence of John Henry Williams did not include the 1.17 acres which is on the southeast and adjoins the 3-acre tract. There is evidence in behalf of plaintiff authorizing the inference that the 1.17 acres was under the fence and within the bounds of the land owned by the estate of J. S. King after deduction of the 3-acre tract sold to John Henry Williams.

The plaintiffs offered in evidence a quitclaim deed, of date January 6, 1932, from John Henry Williams and wife to A. A. King and others, all plaintiffs in this suit, conveying their right and interest in a tract in the Mary Van Winkle league consisting of 1.17 acres described by metes and bounds, and being "off of the West side of a certain 175-acre tract which was conveyed by John Y. Harnage and wife to J. S. King by deed of date October 10, 1890." This deed was duly registered on January 7, 1932. It does not appear that this deed was executed after the present suit was filed. The date in 1932 that the present suit was filed is not given in the record. The following is the evidence appearing in respect to the execution of the deed:

"Q. When Mr. King approached you about executing the deed, what did he say to you? A. He spoke to me about some excess acres in there and wanted that, and rather than have any words or anything about it, I just told him all right.

"Q. Were you paid anything for executing the deed? A. No, sir.

"Q. Did Nancy get any pay? A. Not as I know of.

"Q. Did you have any conversation with the attorney for the Kings in respect to that deed? A. No, sir.

"Q. Did you have any conversation with

anybody else at the time you and your wife Nancy signed this deed to the 1.17 acres? A. No, sir.

"Q. Why did you execute that deed? A. Well, the reason I did, they all had been good to me around there and I just did not want to fall out with them. Whatever they said I always did. That is the reason I done it.

"Q. You have all been friends? .A. Yes, sir.

"Q. They (the Kings) never have mistreated you, have they? A. No."

The following were the issues submitted to the jury, with answers returned thereto, namely:

"Special Issue No. 1: Have the defendants shown, by a preponderance of the evidence, that John Henry Williams has been in peaceable, adverse and continuous possession of the land described in plaintiff's petition for any period of ten consecutive years prior to the filing of the plaintiffs' suit herein, under a claim of right? Answer: Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that the enclosure of the fence of John Henry Williams include the 1 and 17/100 acres of land involved in this controversy for any period of ten years since August 11, 1908? Answer: No.

"Special Issue No. 3: Do you find from a preponderance of evidence that the land contracted to be sold or sold by the said J. S. King to John Henry Williams, included the 1.17-acre tract as it is described in quit claim deed from John Henry Williams and wife, Nancy Williams, to the heirs of J. S. King, deceased? Answer: No."

The trial court construed the findings 1 and 2 to mean that the defendants had complete adverse possession of 3 acres of the 4.17 acres in suit, but not of 1.17 acres, and in keeping therewith entered judgment that plaintiffs take nothing against the defendants as to the 3 acres, but in favor of plaintiffs against defendants for title and possession of the 1.17 acres. It is believed that the trial court correctly construed the jury verdict, and did not err in entering judgment for the plaintiffs for the 1.17 acres. The court was authorized to apply that reasonable construction to the verdict. It is the rule that all the issues are to be considered together as a whole and interpreted, each in the light of the other, and of the whole. First Nat. Bank of Amarillo v. Rush (Tex. Com. App.) 246 S. W. 349; Elder, Dempster & Co. v. Weld-Neville Co. (Tex. Com. App.) 231 S. W. 102. The issues Nos. 1 and 2 are not conflicting, and the one finding does not destroy the other. They admit of more than one reasonable construction. The jury was authorized to find, as they evidently intended to do, that the 3 acres were adversely claimed and were under the defendants' fence, but that the 1.17 acres were not under the fence of defendants, and neither were they adversely claimed by the defendants. The evidence in that respect was conflicting. Construing the verdict in that way, the plaintiffs were not entitled to recover, and the court was required to so determine as a matter of pure law the 3 acres against which the right of possession and title of the defendants would prevail. The plaintiffs would be entitled to recover and have judgment for the 1.17 acres, for that they showed such title as is necessary to sustain an action therefor. They showed a voluntary deed from John Henry Williams and wife to the 1.17 acres, and the evidence did not show, or tend to show, grounds of fraud or force for cancellation of the same. Although alleging ownership of the whole 4.17 acres, the plaintiffs showing title to part may recover such part. Article 7387 (Rev. St.); Harris v. Wilson (Tex. Civ. App.) 40 S. W. 868; and other cases.

Had the recovery of the 1.17 acres been by the plaintiffs, in the capacity of heirs, which was not the situation shown in the record, then the contentions of appellants in respect thereto would have been well taken under the cases cited. The recovery of the 1.17 acres was entirely in virtue of the deed from John Henry Williams, made, as far as the record shows, before the institution of the suit. If the deed from John Henry Williams to plaintiffs to the 1.17 acres must prevail, as it seems in the record, it is evident that the defendant Williams has parted with all right and title, if any he ever had, to the 1.17 acres.

We have considered all assignments, and conclude that they should be overruled.

The judgment is affirmed.