## J. J. PERKINS ET UX V. L. E. MITCHELL ET AL

No. A-4550. Decided June 9, 1954.
Rehearing overruled July 7, 1954.
(268 S.W. 2d Series 907)

*Buck W. McNeil,* of Lubbock, for petitioner.

The Court of Civil Appeals erred in holding that there was a conflict in the findings of the jury, because said findings were consistent with each other, with the evidence and with the judg-

ment of the court. Little Rock Furn. Co. v. Dunn, 148 Texas 197, 222 S.W. 2d 985; Todd v. LaGrone, 234 S.W. 2d 99; Ford v. Carpenter, 147 Texas 447, 216 S.W. 2d 558.

*R. H. Munsterman,* of Levelland, for respondent.

On the question of conflict cited Fort Worth National Bank v. McLean, 245 S.W. 2d 309; Lido Oil Co. v. W. T. Waggoner estate 31 S.W. 2d 154; Interstate Trust and Banking Co. v. West Texas Utilities, 88 S.W. 2d 1110.

MR. JUSTICE CULVER delivered the opinion of the Court.

Petitioner, Perkins, leased to respondent, Mitchell, for oil and gas a tract of 203.4 acres in Hockley County. Thereafter the lease was assigned to Shield, a party defendant, who drilled one well in N.E. corner of tract. This well produced considerable gas but little oil. Shield then retaining a 40-acre tract in the form of a square in N.E. corner, reassigned the remainder (163.4 acres) to Mitchell.

No further drilling was undertaken and Perkins sued Shield and Mitchell to cancel the lease or in the alternative to require defendants to develop the property.

On trial the court instructed the jury to return a verdict in favor of Shield for title to the mineral estate in the 40 acres on which his well was located, and submitted the case to the jury upon four special issues. In answer thereto the jury found that Mitchell failed to develop "the lease estate in question"; that one well would constitute reasonable development; that Perkins had sustained damage by reason of Mitchell's failure to develop, and that the damage was impossible of ascertainment.

The trial court rendered judgment for Shield as to the 40 acres claimed by him, and that part of judgment is not attacked. As to Mitchell, the judgment provided that he should begin within 90 days the drilling of a well on the 163.4-acre tract and his failure to do so would terminate the lease.

The Court of Civil Appeals held that there was a conflict in the answers of the jury to Issues 1 and 2. The court reasoned that if the term "lease estate in question" referred to the 163.4-acre tract then there was no question to submit to the jury because admittedly there has been no development on that tract at all. If, on the other hand, the term had reference to the entire tract

of 203.4 acres, including the 40 acres set apart to Shield, the answer of the jury to the second issue would, in effect, determine that the tract had been reasonably developed, as one well had already been drilled by Shield. On this asserted "conflict" the case was reversed and remanded. 266 S.W. 2d 451.

■ We do not believe this conclusion should be upheld. In the first place, the respondent did not object to the form of the two issues, and whatever confusion there may be relates rather to the failure of the court to point out which tract was meant by the term "lease estate in question." Upon examination of the jury's verdict and of the pleadings and the evidence, we conclude that there is no uncertainty as to the import of the issues and answers.

Before submitting the main charge, the court had instructed the jury to return a verdict in favor of Shield against Perkins. The jury had theretofore been informed by the pleadings and the evidence that Shield claimed the 40 acres in the N.E. corner of the entire tract and that Mitchell owned the balance. The contention of respondent, Mitchell; was that the well drilled by Shield was sufficient to constitute "reasonable development" of the entire 203.4 acres. The jury having found in answer to Special Issue No. 1 that the lease estate in question *had not* been reasonably developed and in answer to No. 3 that the petitioner, Perkins, had been damaged by such failure to develop it would be unreasonable to assume that the jury intended by its answer to the second issue to refer to the well already drilled by Shield and thus in effect to say that the lease *had* been reasonably developed.

While the facts in Ford v. Carpenter, 147 Texas 447, 216 S.W. 2d 558, 562, are different, nevertheless the rule as stated forcibly applies here; "It is the duty of the trial court to reconcile apparent conflicts in the jury's findings if this can be reasonably done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole." Also, Texas Indemnity Insurance Co. v. Bridges, 52 S.W. 2d 1075, wr. ref.; Merritt v. King, 66 S.W. 2d 464, wr. ref.

■ Whether the jury understood the term "lease estate in question" to mean the 163.4-acre tract or the 203.4-acre tract, it is clear to us that the jury intended to say that one well must be drilled in addition to the Shield well on the 40-acre tract.

■ All assignments of error raised by respondent in the Court of Civil Appeals were effectively passed upon by that court except two: (1) The court defined "reasonable development" as "such development as a reasonably prudent operator would perform on the land under the same or similar circumstances." Respondent objected on the ground that the definition did not take into consideration the interests of both lessee and lessor and the element of reasonable profit; (2) That the trial court erred in submitting Issue No. 2 unconditionally, which inquired "What number of wells, if any," etc. We are of the opinion that the grounds urged are not sufficient upon which to predicate a reversal. Rule 503, T.R.C.P.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered June 9, 1954.

Rehearing overruled July 7, 1954.