Lucy PHILLIPS et al., Appellants,

v.

Dempsey FOWLER et al., Appellees.

No. 16230.

Court of Civil Appeals of Texas.

Fort Worth.

June 16, 1961.

Rehearing Denied July 14, 1961.

---

H. J. Loe, Fort Worth, for appellants.

Donald C. Bubar, and William R. Sarsgard, Fort Worth, for appellees.

BOYD, Justice.

Lucy Phillips and Ella Ruth Brewer sued Hilliard H. Bennett and wife Rebecca P. Bennett, Dempsey Fowler and wife Connie Fowler, and Richard Edward Linton for $1,637.50, which amount the plaintiffs alleged belonged to Ella Ruth Brewer and had been deposited by Lucy Phillips with the defendants in connection with a tentative contract for the sale by the Bennetts to the plaintiffs of a house and lot for a total consideration of $5,775. The contract was signed by the Bennetts and Lucy Phillips, and Lucy Phillips signed the name of Ella Ruth Brewer to the instrument. Connie Fowler and Linton were real estate dealers and procured the signing of the contract. The plaintiffs prayed for exemplary damages in the sum of $1,637.50. In the alternative, they asked that proper conveyance of the property to them be decreed, and that they have judgment against the Fowlers and Linton for $775 as the difference between the actual value of the property and the value fraudulently represented by them to Lucy Phillips, and for exemplary damages against those defendants in the sum of $775.

The plaintiffs alleged that it was agreed that the contract was not to be effective until it had been submitted to and approved by Ella Ruth Brewer, who resided in California, and that Lucy Phillips told the defendants that she had no authority to sign Ella Ruth Brewer's name to the contract, but had been persuaded to do so by the representation of the defendants that it would be submitted to Ella Ruth Brewer for approval, and that should she not approve it, the deposit would be returned to Lucy Phillips.

The defense pleaded was that Lucy Phillips was authorized to sign the name of Ella Ruth Brewer to the contract; the Bennetts, before the time for performance specified in the contract, notified Lucy Phillips that they were ready to perform every obligation under the contract; the plaintiffs refused to consummate the contract; and the sum of $1,637.50 which had been deposited with the defendants by Lucy Phillips belonged to the Bennetts, under the terms of the contract, as liquidated damages.

The findings of the jury were: Lucy Phillips was authorized to sign the name of Ella Ruth Brewer to the contract; the deposit money originally belonged to Ella Ruth Brewer; Lucy Phillips did not advise the defendants that the deposit was to be held in escrow until Ella Ruth Brewer approved the purchase; Connie Fowler did not advise Lucy Phillips that the deposit would be so held in escrow; and the Bennetts did not intend to defraud the plaintiffs by retaining the deposit money. A take nothing judgment was rendered against the plaintiffs, and they appeal.

Appellants seek a reversal of the judgment only on the ground of misconduct of the jury. The case is before us without a statement of facts. There is in the transcript an instrument signed by the trial judge on October 28, 1960, which is entitled "Statement of Proof Upon Hearing On a Motion For New Trial." This instrument contained the following:

"The following named jurors appeared at such hearing and gave testimony in connection with the Motion for New Trial: E. E. Sumrow, Mrs. Lela M. Magers and Mrs. E. E. Whitaker. Each of said jurors had there-

tofore made his affidavit of fact upon which the Motion for New Trial was predicated and such affidavits were attached to Plaintiff's Motion for New Trial and appeared in the record.

"Each of these witnesses took the stand and testified and the testimony of each supported the affidavit theretofore filed by him or her in the cause."

On November 28, 1960, the court filed and entered an order entitled "Order Vacating Statement of Proof Upon Hearing On the Motion for New Trial." In this order it is recited that the instrument dated October 28, 1960, was signed through inadvertence, and that it did not properly reflect the actual testimony admitted at the hearing of the motion for new trial. This order further recited:

"That the court, having heard the testimony of the four jurors produced by the plaintiff and being persuaded from their testimony that no jury misconduct had existed in the trial of the cause, and that no further testimony from the other jurors produced by the defendants was necessary to satisfy the court respecting the grounds urged on the motion for new trial;

"It is accordingly ordered, adjudged and decreed that such statement of proof heretofore signed by the court be, and it is hereby, wholly vacated."

Rule 327, Texas Rules of Civil Procedure, provides that "Where the ground of the motion is misconduct of the jury * * * the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved * * * be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

A party seeking a new trial on the ground of misconduct of the jury has the burden of establishing material misconduct by a preponderance of the evidence and must also show from the record as a whole that such misconduct probably resulted in injury to him. Myers v. Thomas, Tex.Civ. App., 182 S.W.2d 266; 31 Tex.Jur., p. 166, Sec. 154.

Since the case is before us without the evidence which was admitted before the jury, and without the evidence admitted on the hearing of the motion for new trial, we are unable to say that the motion was improperly overruled. We know that evidence was admitted on the hearing of the motion; and since the motion was overruled by the trial court, we must presume that the evidence warranted such action.

The judgment is affirmed.