Claud SENN, Appellant,

v.

J. C. STRANGE, Appellee.

No. 7246.

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1963.

Baker & Bryant, Sherman, for appellant.

Key, Carr, Carr & Clark, Lubbock, for appellee.

CHAPMAN, Justice.

This is an appeal from a take-nothing judgment based upon a jury verdict in Kent County involving a suit filed by appellant, Claud Senn, against appellee, J. C. Strange.

The parties entered into an oral agreement by which appellee was to mine gravel on appellant's land in Kent County in order to acquire Grade 5 gravel.[1] He was not to pay any cash royalty. The considerations moving to appellant were the by-products of the mining operation. Those were sand and gravel, the latter being larger than Grade 5, referred to in the record as gravel used for packing wells and making concrete. The record indicates the sand by-product was used for plaster material and that on several occasions appellee's employees stopped their operations to load the sand for appellant.

Appellee brought equipment for dry-screening but because of the moisture condition in the soil it did not separate and clean sufficiently to be accepted by the Texas Highway Department, the purchaser of the No. 5 gravel. It was agreed by the parties then that appellee might use appellant's gravel washer, dump truck, and front-end loader.

The controversy that prompted the law suit arose out of disagreements as to whether appellant stripped as much overburden[2] as was already stripped when he started mining and as to whether it was agreed between the parties that appellee should pay for the use of appellant's equipment. Also damages were sought for reasonable cost of cleaning out the seep basin.

Appellee filed a counter claim for repairs he made to appellant's equipment; for cost of loading materials for appellant; for cost of stripping top soil on state highway property[3] until the highway department stopped him from doing so; for stock piling appellant's by-products; and for the return of appellee's radio tower or damage for conversion of same.

A study of the issues indicates the jury in answering the 56 special issues submitted did a rather expert job of balancing the claims the parties made against each other, such issues as answered denying recovery to each party except appellee's demand for his radio equipment.

From the answers to the 56 questions, the court on April 11, 1962, signed and entered a take-nothing judgment against appellant and that appellee recover the radio tower and antenna, or the reasonable value thereof in the sum of $300. It is from such judgment appeal is perfected to our court upon five points of error, the first three of which allege jury misconduct.

In his Amended Motion for New Trial appellant attached thereto the affidavits of three jurors which had the effect of impeaching the verdict rendered. The affidavits were to the effect that all twelve jurors agreed appellant was entitled to $325 for damages for soil stripping, $300 for damages to his seep basin, and that the foreman neglected to place the jury's answers to the issues inquiring about same. There is

---

1. Grade 5 gravel is shown in the record to be that up to ½ inch in size.

2. The overburden constituted the top soil of 8 to 15 inches depth that had to be stripped off the top in order to get to the commercial gravel beds.

3. There is testimony to the effect that at least part of the area where appellant told the men working for appellee to strip overburden belonged to the state highway and the Highway Department stopped the stripping.

no affidavit in the record from the foreman. They also stated in the affidavits that the answer "no" to issue seven was wrong and should have been "yes".

In attaching the affidavits to the Motion for New Trial appellant followed the correct procedure to show the trial court he was not launching a "fishing expedition" on jury misconduct. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644 (Com.App., opinion adopted). The amended motion was filed on May 10, 1962. On June 7, 1962, the trial court in a letter written from Haskell, Texas wrote each attorney, called their attention to the fact that he had been furnished the amended motion for new trial and told them to contact each other and advise him when they would like to have the motion heard. The complaining party had 45 days from May 10, 1962, in which to pursue his motion unless by written agreement of the parties that time was extended. Rule 329b V.A.T.R. There is nothing in the record to indicate an extension agreement by the parties nor to show any response by appellant to the trial court's letter telling them to advise him when they would like to have the motion heard. The record is also silent as to any formal overruling of the motion by the trial court, so we would have to assume it was overruled by operation of law.

Where affidavits are attached to a motion for new trial showing material jury misconduct, it is reversible error for the trial court to refuse to hear testimony on the motion. Roy Jones Lumber Co. v. Murphy, supra. However, there is not any evidence in the record showing the court refused to hear the motion. To the contrary, his letter showed affirmatively he would hear the motion. Appellant, so far as this record is concerned, simply never requested a hearing.

Rule 327 V.A.T.R. provides under circumstances such as we are here considering "the court shall hear evidence thereof from the jury or others in open court."

The burden was on appellant to show the alleged misconduct. The affidavits attached to the motion did not comply with this burden. Rule 327 V.A.T.R.; City of San Antonio v. Anderson, Tex.Civ.App., 343 S.W. 2d 950 (NWH).

We are not holding the matters stated in the affidavits attached to the motion did or did not constitute reversible error if testified to in open court but that we have no proper evidence before us showing such facts. Under such circumstances we have no alternative except to overrule all points asserting jury misconduct. Phillips v. Fowler, Tex.Civ.App., 348 S.W.2d 224 (writ dismissed).

In points four and five appellant asserts error of the trial court in not granting a new trial because the answer to special issue No. 7 is without support in the evidence and is in irreconcilable conflict with the answers to special issues 45 and 46.

Special issue No. 7 inquired of the jury if appellee agreed to leave as much top soil stripped from appellant's gravel at the end of his operation as was stripped at the beginning of his operation. Both appellant and appellee testified that was the agreement between them. This issue was unnecessary and completely immaterial because it was not a contested issue. Wright v. Vernon Compress Company, 156 Tex. 474, 296 S.W.2d 517.

The first nine issues submitted were appellant's issues; that is, issues upon which he sought to recover. Issues Nos. 8 and 9 inquired if appellee failed to leave as much top soil stripped as was stripped when he started operations and if so how much money it would take to compensate appellant for such failure. Special issue 8 was a conditional submission depending upon an affirmative answer to No. 7, an immaterial issue answered in the negative. Issue 9 was then made conditional upon the preceding issue. The record is void of any objections to the form of submission. They were issues upon which appellant was de-

pendent for recovery of any amount of money based upon any failure of appellee to strip the overburden. Since he did not complain of the form of submission by which his recovery was dependent, we do not believe the record shows reversible error even if it should be said that special issue 7, an immaterial issue unobjected to, is in irreconcilable conflict with the answers to issues 45 and 46.

Special issue 45 was a defensive issue pleaded by appellee and which inquired if appellee stripped enough soil to constitute a substantial performance of the alleged contract. The jury answered in the negative but there was not any objection to the form of submission, not any issue conditional thereon inquiring the amount of money it would take to reasonably compensate for failure to substantially perform, nor a request for any such issue. Additionally, the answer to the issue was not essential to the rendition of judgment. The same applies to issue 46, which appears to be global in nature, inquiring if appellee substantially performed the alleged contract in general. The record is void of any objections to the issues.

■ A conflict between a fact admitted and findings by the jury of facts not essential to the rendition of judgment will not affect the validity of a verdict if there are material facts sufficient to support the judgment rendered. Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W. 2d 731 (Com.App., opinion adopted).

From this record we believe there were facts from which the court could impliedly find that appellant had failed to discharge the burden required to show himself to be entitled to damages for failure of appellee to substantially perform on the soil stripping question. The only issues submitted on the question of damages in that regard were based on an immaterial issue and were left unanswered. Therefore, there is not any basis in the record on which the court could have rendered a judgment for any

amount for failure to substantially perform in that regard.

 " 'It is the duty of the trial court to reconcile apparent conflicts in the jury's findings if this can be reasonably done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole.' " Perkins v. Mitchell, 153 Tex. 368, 268 S.W.2d 907. When this rule is applied to the record before us, we believe it shows the trial court rendered a proper judgment. Accordingly, the judgment of the trial court is affirmed.