Margaret Wells **DOBBINS**, Appellant,

v.

Herman **L. GARDNER**, Appellee.

No. 14679.

Court of Civil Appeals of Texas.

Houston.

April 14, 1966.

Rehearing Denied May 19, 1966.

See also Tex.Civ.App., 377 S.W.2d 665.

Phelps, Kilgarlin & Snell, Jim S. Phelps, Houston, for appellant.

Richard B. Miller, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a damage suit. The principal question to be discussed concerns the effect of conflicting answers made by the jury to the special issues submitted.

In answer to Special Issues 1 and 2 the jury found that a gauze pack was left in appellant's vagina and that this constituted negligence on the part of appellee.

Special Issues 3, 6 and 7, and the answers returned by the jury, follow:

### Special Issue No. 3

Do you find from a preponderance of the evidence that such negligence, if any you have so found, was a proximate cause of any damage or harm to the physical structure of the plaintiff's body? [Answer: "We do not."]

### Special Issue No. 6

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for the damages, if any, which have resulted from such damage or harm, if any, to the physical structure of her body, as you find from a preponderance of the evidence were directly and proximately caused by leaving a gauze pack within her vagina, if you have found that such gauze pack was so left, taking into consideration such of the following elements of damage as you find are established by a preponderance of the evidence and none other:

(a) Such physical pain, if any, as you may find from a preponderance of the evidence the plaintiff, Margaret Wells Dobbins, has suffered from March 16, 1958, to the date of this trial, as a direct and proximate result of the injuries sustained by her on the occasion made the basis of this suit;

(b) Such mental anguish, if any, as you may find from a preponderance of the evidence the plaintiff, Margaret Wells Dobbins, has suffered from March 16, 1958, to the date of this trial, as a direct and proximate result of the injuries sustained by her on the occasion made the basis of this suit;

(c) Such loss of earnings, if any, as you may find from a preponderance of the evidence the plaintiff, Margaret Wells Dobbins, has suffered from March 16, 1958, to the date of this trial, as a direct and proximate result of the injuries sustained by her on the occasion made the basis of this suit;

Answer by stating the amount, if any, in dollars and cents. [Answer: $4,000.-00."]

### Special Issue No. 7

What sum of money, if any, do you find from a preponderance of the evidence represents the reasonable value of such hospital and doctors expenses, if any, as you may find from a preponderance of the evidence were necessarily obtained by the plaintiff in the treatment of the damage or harm, if any, to her body which was proximately caused by the leaving of the gauze pack within her vagina, if you so found?

Answer by stating the amount, if any, in dollars and cents. [Answer: "0."]

The trial court entered judgment that the plaintiff take nothing. On this appeal the plaintiff, appellant herein, contends the answers made by the jury to Special Issues 3 and 6 cannot be reconciled and that a mistrial should have been ordered.

"It is the duty of the trial court to reconcile apparent conflicts in the jury's findings if this can be reasonably done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. Texas Indemnity Ins. Co. v. Bridges, Tex.Civ.App., 52 S.W. 2d 1075, writ ref.; Merritt v. King, Tex. Civ.App., 66 S.W.2d 464, writ ref." [Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558.]

This statement was quoted with approval by the Supreme Court in Perkins v. Mitchell, 153 Tex. 368, 268 S.W.2d 907.

■ It is appellee's position that if either Special Issue 3 or Special Issue 6 is disregarded, a judgment for defendant would be required because the plaintiff had failed to secure a finding that the negligence of the defendant was the proximate cause of the injury or damage sustained by the plaintiff. Thus, under the Little Rock rule, there would be no fatal conflict. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772.

However, in Special Issue No. 6 the jury is instructed to find only that sum of money which would compensate the plaintiff for the damages resulting from harm to the physical structure of her body directly and proximately caused by leaving the gauze pack in her vagina. If the instructions of the court contained in this issue had been followed by the jury, the only answer which it could have made to the issue consistent with the answer to Issue No. 3 would have been zero. Therein lies an apparent conflict.

Appellee urges that the answer to Special Issue No. 6 is understandable in light of the instruction that the jury should take into consideration only the physical pain, mental anguish and loss of earnings suffered by plaintiff "as a direct and proximate result of the injuries sustained by her

on the occasion made the basis of this suit." This might be interpreted as an instruction that plaintiff sustained injuries on the occasion of her operation. The evidence is undisputed to the effect that biopsies were taken on that occasion resulting in bleeding which was controlled finally after additional stitches were taken during a subsequent period of hospitalization. There is evidence from which it might be concluded that physical pain, mental anguish and loss of earnings resulted from the prolonged bleeding and the procedures adopted to control it. There is some evidence that the continued bleeding was aggravated by the gauze pack. The answer made to Issue No. 7 is entirely consistent with that made to Issue No. 3, and, considering the evidence, not necessarily inconsistent with the answer to Issue No. 6.

■ Considered in its entirety Special Issue No. 6 is unclear. The jury might well be uncertain as to what issues it was required to determine before returning an answer in dollars and cents. No doubt the jury was of the opinion that the primary purpose of the issue was to elicit from it the amount of damage suffered by the plaintiff as a result of the injuries suffered on the occasion in question since Issue No. 3 was concerned only with proximate cause. Under such conditions the more specific issue should control the general damage issue. "Findings are not mutually destructive if there is any reasonable explanation of seeming conflicts." Fort Worth & Denver Railway Company v. Britton, Tex.Civ. App., 1958, 310 S.W.2d 654.

■ This conclusion is strengthened by the instruction that, in connection with Issues 6 and 7, damages for physical pain, mental anguish and lost earnings could be allowed plaintiff by virtue of "conditions of her body" existing prior to the date of her treatment by defendant to the extent that such pre-existing conditions were aggravated by the leaving of the gauze pack in her vagina. This instruction was in-

serted after Special Issue No. 7 and was subject to the construction that the jury could award damages for the aggravation of a "condition". The jury might have concluded that the chronic inflammation of the cervix and the persistent bleeding, with which plaintiff was shown to have been suffering prior to her treatment by the defendant, were "conditions" and that these conditions were aggravated by the leaving of the gauze pack in plaintiff's vagina. This instruction authorized the jury to assess damages for the aggravation of these conditions without specific mention of "damage or harm to the physical structure of her body" or of proximate causation. It also authorized the jury to insert such amount as they found as damage resulting from such aggravation in their answer to Special Issue No. 6. In reconciling the answer made by the jury to Special Issue No. 3 with that made to Special Issue No. 6, it may be presumed that amount stated as damages was awarded by the jury because it found aggravation of existing "conditions of her body" by the leaving of the gauze pack.

"It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled." Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97.

Appellant also contends that the answer made by the jury to Special Issue No. 3 is supported by no evidence; is supported by insufficient evidence; and is contrary to the great weight and preponderance of the evidence. We have carefully considered all of the testimony and conclude that neither of these assignments of error can be sustained.

The judgment of the trial court is affirmed.