**Albert A. MALOOLY et al., Appellants,**

**v.**

**Vidal VILLALVA, Appellee.**

**No. 5997.**

Court of Civil Appeals of Texas.

El Paso.

March 26, 1969.

Rehearing Denied April 23, 1969.

Lee A. Chagra, Joseph J. Rey, Jr., El Paso, for appellants.

Jose Escobar, Carlos Escobar, El Paso, for appellee.

CLAYTON, Justice.

OPINION

Suit to recover rentals on heavy equipment used in a grading job. The appellee, Vidal Villalva, was the plaintiff below, and the appellants, Albert A. Malooly and Paul Griffin, were the defendants. Appellant

Griffin was the owner of a piece of land in El Paso, Texas that had part of a mountain located on it, and he hired one Ivey to blast the rock, and Villalva was to furnish equipment to haul away the rock and gravel and level the property in accordance with the grade called for by the architect, so that a building could be constructed on the property. One Salvador Herrera was to have done the building construction work, and Villalva presented to him a bid of $2,000.00 for the hauling and leveling work. However, Herrera was unable to perform, and Villalva then presented the bid to Griffin personally. He claims that Griffin told him that he, Griffin, was not ready for the job, and to forget it. Griffin claims that he wrote on the bid "accepted" and mailed it back to Villalva. The latter claims he did not receive this. In any case, the loading and hauling work did not begin until the following year.

In the meantime, appellant Albert Malooly was selected to do the construction work. Villalva claims that Malooly called him up and informed him that Griffin had put Malooly in charge of the job as he, Griffin, didn't want anything to do with it, and that Malooly had stated to Villalva, "it is between you and me now". Villalva had worked for Malooly before, and states that he quoted his previous prices for use of the equipment—$10.00 an hour for the loader and $3.50 an hour for each truck, including the operators of each piece of equipment. At the end of the work, which was accepted by both appellants, he presented his bill in the amount of $5,454.-00 to Malooly, who said he was not going to pay for the job. He then presented the bill to Griffin, who also refused to accept it or offer to pay anything. This suit resulted and trial was had to a jury on special issues.

The jury found the following answers to the special issues:

1. That Malooly orally agreed with Villalva to pay him $10.00 per hour for use of a heavy tractor loader with operator, and $3.50 per hour for the use of a two-ton truck, with operator, to remove loose rock and soil from the property.

2. (a) The tractor loader was used 328½ hours.

(b) The dump truck was used 349 hours.

3. That Paul Griffin did not place in the mail, addressed to Villalva, the original of the bid.

4. That Villalva did not orally agree with Griffin to do the work called for in the bid for $2,000.00.

5. Unanswered; conditioned on affirmative answers to 3 or 4.

6. Unanswered; conditioned on a negative answer to 5.

7. That the work of Villalva was of benefit to Griffin.

8. The reasonable value of such work was $4,506.50.

9. That a reasonable attorney's fee for Villalva's attorney was $1,300.00.

The trial court granted Villalva, from Griffin and Malooly jointly and severally, the sum of $4,506.50 plus attorney's fees of $1,300.00, or $5,806.50, from which judgment this appeal was taken.

Appellants presented four points of error:

First: That the answer of the jury to Special Issue No. 1 was contrary to the preponderance of the evidence, was based on insufficient evidence, and that there was no evidence to support the submission of the issue.

Second: The same objections to Special Issue No. 2.

Third: The same objections to Special Issue No. 3.

Fourth: The same objections to Special Issue No. 8.

■ As seen by our statement of the nature of the case, there is some evidence to support the jury's findings, which we deem to be sufficient. It all reverts back to the credibility of the witnesses, which is within the province of the jury and not for us to determine. The jury having found as it did, we have no basis to ignore those findings, and therefore must affirm them and the judgment of the trial court based on them, and overrule the points of error presented.

The judgment of the trial court is affirmed.