W. A. INNES, Appellant,

v.

Herb GREINER, dba Greiner-Madison, Appellee.

No. 8001.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 29, 1969.

John W. Broadfoot, Amarillo, for appellant.

Stokes, Carnahan & Fields and Robert N. Carnahan, Amarillo, for appellee.

JOY, Justice.

Suit against insurance agent to recover amount of insurance claimed requested but not issued. From judgment for defendant, plaintiff has appealed.

The parties will be referred to herein as they appeared in the trial court. The plaintiff owned several buildings housing a night club, cafe, liquor store and truck stop service station. In 1963, plaintiff requested defendant to write a policy of insurance on the service station building. At the time plaintiff did not own the other buildings, but acquired them at a later date. Plaintiff had a number of policies of insurance that were placed with agencies other than the defendant. One of the other agencies notified plaintiff of an expiring policy issued through that agency, the date of such notification being apparently in January of 1967, and plaintiff notified defendant to replace the coverage represented by the expiring policy. This instruction was complied with by the defendant. However, plaintiff further contends that he also notified defendant of two other policies that had been cancelled apparently sometime in August, 1966. Plaintiff

contends that he requested the defendant to write $19,000.00 to replace the two cancelled policies plus an additional $10,000.00. This contention was denied by defendant. On February 5, 1967, some of plaintiff's buildings and contents were destroyed by fire and plaintiff brought this suit against defendant for his failure to have written the additional coverage claimed in the total amount of $29,000.00. Upon trial to a jury, the jury found that defendant agent had not agreed to replace the two cancelled policies of $19,000.00 nor to issue the additional $10,000.00.

■ Plaintiff's first point of error complains of the trial court's failure to declare a mistrial during voir dire examination of the jury panel when counsel for defendant made reference to a "previous fire" at the place of plaintiff. Plaintiff did not file a bill of exception, but brought foward a transcript of a part of the court reporter's record reflecting the incident. Rule 372(c) would seem to obviate the necessity of a formal bill of exception in the instant case; however, the Supreme Court has held that "the proper way to preserve objection to improper argument is by bill of exception rather than by bringing up the court reporter's record of the argument as a part of or supplement to the statement of facts." Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139 (1950); Pritchett v. Highway Insurance Underwriters, 158 Tex. 116, 309 S.W.2d 46 (1958). This has also been held to include the voir dire examination. Bashrum v. Vinson, 330 S.W.2d 538 (Tex.C.A. refused, n. r. e.). Even though we think plaintiff failed to properly preserve the point, we will consider same. While questioning a prospective juror whose wife had worked for the plaintiff about eight years before the trial, defendant's counsel asked: "Was she out there at the time of the previous fire?" We do not think the question was so prejudicial as to cause the rendition of an improper verdict. In response to a question propounded to him by his own attorney, plaintiff made reference to a fire in the early 50's which destroyed the truck stop. We are unable to see that a fire which occurred on plaintiff's premises ten to twenty years previously would have any material effect on the jury's decision of incidents that transpired between plaintiff and defendant in the fall of 1966 or January of 1967. Even if such statements were harmful, however, we think the instruction of the able trial judge to the jury "not to consider anything included in the question of counsel. It is not evidence. You will be guided solely by the evidence you hear from the witness stand. You will not assume something is true because it is included in a question" adequately instructed the panel in the matter.

■ Plaintiff next contends that the verdict of the jury is contrary to the preponderance and weight of the evidence and the law. The defendant testified that plaintiff had never asked him to replace the $19,000.00 of cancelled insurance or to place an additional $10,000.00 worth of insurance on the buildings. Plaintiff testified positively to the contrary. It is well settled in our law that it is the province of the jury to pass upon the credibility of the witnesses. Edrington v. Kiger, 4 Tex. 89 (1849); Malooly v. Villalva, 439 S.W.2d 900 (Tex.C.A., n. w. h.). After a careful review of the evidence, we find that the answers by the jury were adequately supported therein.

■ In his motion for new trial and on appeal plaintiff complains of jury misconduct. The alleged improper conduct is set out in an affidavit signed by the forman of the jury and filed in the cause. Affidavits alleging jury misconduct do not constitute evidence of the facts therein stated. Allison v. Gulf Liquid Fertilizer Co., 381 S.W.2d 684 (Tex.C.A., n. w. h.). A party may not raise the question of jury misconduct solely by the use of juror's affidavits. The complaining party must request a hearing by the court under Rule 327, T.R.C.P. "to hear evidence thereof from the jury or others in open court."

By failing to request such a hearing, plaintiff waived any objection he may have had to jury misconduct. Senn v. Strange, 366 S.W.2d 612 (Tex.C.A., n. w. h.).

■ Lastly, plaintiff complains of the conduct of defendant's counsel during the trial alleging that defendant's counsel injected unsworn statements and side-bar remarks to such an extent as to prejudice plaintiff's case and deny him a fair and impartial trial. We have carefully considered the entire record and find that the court sustained many of plaintiff's objections and further on numerous occasions instructed the jury upon request by plaintiff's counsel. We do not find that the remarks of defendant's counsel were so prejudicial as to cause the jury to render an improper verdict and to warrant a reversal under Rule 434, T.R.C.P.

Affirmed.