The COUNTY OF EL PASO, Appellant,

v.

BOY'S CONCESSIONS, INC., and The Love Boat, Appellees.

No. 08–88–00333–CV.

Court of Appeals of Texas, El Paso.

June 7, 1989.

Joe Lucas, County Atty., El Paso, for appellant.

William B. Hardie, Jr., Ken Slavin, Hardie, Hallmark, Sergent & Hardie, El Paso, for appellees.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a lawsuit founded on breach of contract, the jury found that the County of El Paso, Texas, did, in fact, breach a contract and awarded damages to the concessionaire. We affirm.

The County of El Paso (County) owned a public park known as Ascarate Park. Within the park boundary was a golf course, picnic grounds, a lake and amusement area. The lawsuit involved a written agreement between the County of El Paso and Boy's Concessions, Inc., (Boy's) dated October 8, 1979, for the operation by Boy's of the boating, food and drink, golf cart, recreation and amusement concessions. The agreement was approved by the Commissioners' Court of El Paso on May 21,

1979. The agreement was for five years, commencing on April 1, 1979, and contained 2 five-year options, making a total of fifteen years, if the options were exercised. Appellant County became unhappy with the Appellee Boy's, and in 1982 gave notice of termination of the agreement. This lawsuit resulted in a jury trial in June, 1988. The Love Boat was a sub-concessionaire and also a plaintiff in the trial court, but is not a party to this appeal. The jury findings were: (1) there was an anticipatory breach of the agreement by the County; (2) the County's breach of its duty of good faith was done with conscious indifference; (3) the interference with the agreement was done by agent for the County and with intent to harm or injure the Appellee; (4) the County took property of the Appellee for public use without paying adequate compensation. The jury awarded Appellee actual damages of $94,293.50 for loss of investments and $15,000.00 for loss of profits. Exemplary damages of $75,000.00 were also awarded. The jury found that the breach by the County of the agreement did not proximately cause any damage to The Love Boat. The jury awarded Appellee attorney's fees of $68,400.00. The trial court disallowed the award of the exemplary damages and, therefore, entered judgment for Appellee Boy's for $109,293.50, plus attorney's fees of $68,400.00. Prejudgment interest on the actual damages was allowed at the rate of 10 percent per annum compounded daily from March 27, 1984, until the date of judgment and thereafter at the rate of 10 percent per annum until paid.

■ By Point of Error No. One, Appellant County asserts that the trial court erred in refusing to hear evidence on its motion for new trial.

This appears to be a gross misrepresentation of a point of error to say that the trial court REFUSED to hear evidence. The Appellant filed its seven page motion for new trial complaining of many matters: (1) error in denying its motion for summary judgment; (2) error in denying its motion for directed verdict; (3) no evidence to support the jury's answer to issue numbers one, two, three, six, seven, eight and eleven; (5) Appellant then complained of misconduct on the part of several jurors; (6) the excessiveness of the damages; and finally, (7) the award to Appellee of attorney's fees. The final prayer for relief merely stated: "WHEREFORE, COUNTY OF EL PASO, Defendant, requests that this Court set aside the judgment in this cause and order a new trial."

There is no showing that, after filing of the motion for new trial with the district clerk, the Appellant took any action to present the motion to the trial judge or to request a hearing on the motion. Insofar as the record shows the Appellant deliberately let the motion be overruled by operation of law without requesting a hearing. Appellant now is attempting to pass on its responsibility to the trial judge by asserting under Tex.R.Civ.P. 327(a) that a hearing was mandatory even though not requested. The terminology used by Appellant that "the trial denied a hearing" should be more appropriately stated that "the Appellant elected not to ask for a hearing." We find that the Appellant has waived any right to assert error based on the failure of the trial court to conduct a hearing on the motion for new trial. *Innes v. Greiner*, 449 S.W.2d 83, 85–86 (Tex.Civ. App.—Amarillo 1969, no writ); *Senn v. Strange*, 366 S.W.2d 612, 614 (Tex.Civ.App. —Amarillo 1963, no writ).

Point of Error No. One is overruled.

■ By Point of Error No. Two, Appellant asserts the trial court erred in entering judgment for attorney's fees because the County is exempt from payment of such fees.

Appellant contends that it is exempt from payment of attorney's fees under Tex.Civ.Prac. & Rem.Code Ann. sec. 38.001 (Vernon 1986). Appellant was required under Tex.R.Civ.P. 94 to affirmatively assert any matter constituting an avoidance or affirmative defense. Appellant having failed to do this has waived its defense. *Davis v. City of San Antonio*, 752 S.W.2d 518, 519 (Tex.1988). In addition, Appellant made no objection in the trial court to the evidence presented on attorney's fees. No

objections were made to the issues submitted to the jury as to attorney's fees. The failure to complain does not preserve error for appellate review. Tex.R.App.P. 52(a).

Point of Error No. Two is overruled.

 By Cross–Point of Error No. Two, Appellee asserts the trial court erred in allowing Appellant to file its amended answer which raised governmental immunity as defense.

Rule 63 of the Tex.R.Civ.P. provides that "any amendment [to the pleadings] offered for filing within seven days of the date of trial or thereafter ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party."

Rule 66 of the Tex.R.Civ.P. provides that "if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits."

The Appellant did, on June 6, 1988, file its amended answer to the Appellee's second amended petition. This occurred with consent of the court and happened the day the jury was selected, but before evidence commenced on June 7. The trial court concluded that the plea of governmental immunity did not come as a surprise to the Appellee as it was not a fact issue but a matter of law. The trial court has discretion under Rules 63 and 66 of the Tex.R.Civ.P., whether to allow amendments to pleadings. This discretion will not be disturbed on appeal, unless the complaining party (Appellee) makes a clear showing of an abuse of discretion. *Roeber v. DuBose*, 510 S.W.2d 126, 128 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Tuck v. Tuck*, 509 S.W.2d 656, 658 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.). In this case, Appel-

lee has failed to sustain his burden that by allowing the amended pleading it operated as a surprise and to his prejudice. *Swinney v. Winters*, 532 S.W.2d 396, 400 (Tex. Civ.App.—San Antonio 1975, writ ref'd n.r. e.).

Cross–Point of Error No. Two is overruled.

 Cross–Point of Error No. One asserts the trial court erred in failing to grant Appellee's motion for judgment as to exemplary damages awarded by the jury due to Appellant's waiver of its defense of governmental immunity.

Appellee urges waiver because of the late filing of the amended answer (Cross–Point No. Two) and, in addition, urges waiver because of the failure of Appellant to object to any of the tort or exemplary damage issues that were submitted.

Rule 279 of the Tex.R.Civ.P. requires the submission of issues on all defensive grounds, but waiver does not result from the failure to submit these issues if the defense is established as a matter of law, as it was in this case. *City of Dallas v. Moreau*, 718 S.W.2d 776, 780 (Tex.App.— Corpus Christi 1986, no writ).

Cross–Point of Error No. One is overruled.

The judgment of the trial court is affirmed.