The CITY OF PORT ISABEL, Appellant,

v.

Tom SHIBA, Appellee.

No. 13–96–623–CV.

Court of Appeals of Texas,
Corpus Christi.

July 9, 1998.

Rehearing Overruled Sept. 10, 1998.

---

1. I join in all portions of the majority opinion except for the discussion of point of error C.8.

Richard S. Hoffman, Hoffman & Goza, Rene E. Decoss, Rene B. Gonzalez, Brownsville, for Appellant.

R. W. Armstrong, R. W. Armstrong & Associates, Brownsville, Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, for Appellee.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

## OPINION ON MOTION FOR REHEARING

RODRIGUEZ, Justice.

We overrule appellant's motion for rehearing, withdraw our opinion dated April 30, 1998, and substitute the following opinion in its place.

Appellant/Cross–Appellee, the City of Port Isabel ("the City"), challenges the jury's verdict awarding Tom Shiba $441,804 in damages and $110,000 in attorney's fees claiming the evidence was both legally and factually insufficient to support the verdict, the verdict contained a fatal conflict, and the evidence was legally insufficient to support an award of attorney's fees.

Appellee/Cross–Appellant, Tom Shiba, appeals the trial courts refusal to award him prejudgment interest and its failure to enter a single judgment.[1] We affirm as reformed.

This dispute arose out of a contract between the City and Shiba executed on July 29, 1987. The contract provided that the City would loan Shiba $210,000 for the development of a project to be known as the Fish House Landing. The loan proceeds were to originate from the Texas Department of Community Affairs ("TDCA") and pass through the City in accordance with a separate agreement.

The City disbursed $170,000 of the loan proceeds to Shiba in December 1987. In February 1988, Shiba made a request for the final $40,000 of the $210,000. Due to delays, the money was not forwarded from TDCA to the City until September 1988. By that time, Shiba had abandoned the project. The City brought suit against Shiba for breach of contract to recover the $170,000 already disbursed to him. Shiba counter-claimed, asserting the City breached the contract by failing to loan the funds in accordance with the loan agreement. The jury found that both parties breached the contract. The City was awarded $170,000, and Shiba was awarded $441,804 in damages and $110,000 in attorney's fees. Both parties appealed.

■ In its first point of error, the City claims there is legally insufficient evidence it breached the contract with Shiba. Specifically, the City asserts that because the contract expressly states the loan "shall be disbursed in increments as set out in Exhibit 'A'" and Exhibit A was not admitted into

---

1. Based upon the jury's verdict, the trial court entered judgment in favor of the City for $170,-000 and in favor of Shiba for $441,804, plus $110,000 in attorney's fees.

evidence, there was no evidence the City had a duty to disburse the final loan payment of $40,000.

In reviewing a no evidence or legal insufficiency of the evidence point, we consider only the evidence that tends to support the jury's verdict and disregard all evidence and inferences to the contrary. *Responsive Terminal Sys. Inc. v. Boy Scouts of Am.*, 774 S.W.2d 666, 668 (Tex.1989). If there is more than a scintilla of evidence supporting the jury's finding, the legal sufficiency challenge must fail. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). If the evidence provides a rational basis for reasonable minds to differ as to the existence of a vital fact, then there is some evidence or more than a scintilla. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). However, if the evidence is so weak as to create a mere surmise or suspicion of its existence, then the evidence is no more than a scintilla, and therefore, no evidence. *Id.*

While we agree there is no evidence the City had a duty to disburse the funds absent the disbursement schedule, the inquiry does not stop there. Under the doctrine of incorporation by reference, where one contract refers to another contract or instrument, the second document may properly constitute part of the original contract. *Owen v. Hendricks*, 433 S.W.2d 164, 166–67 (Tex.1968); *MTrust Corp. N.A. v. LJH Corp.*, 837 S.W.2d 250, 253–54 (Tex.App.— Fort Worth 1992, writ denied); *Milam Dev. Corp. v. 7*7*0*1* Wurzbach Tower Council of Co-Owners, Inc.*, 789 S.W.2d 942, 945 (Tex.App.—San Antonio 1990, writ denied). Additionally, it is well-established in Texas jurisprudence that "[a]ccompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract." *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508, 510 (1947); *Bowman v. Charter Gen. Agency, Inc.*, 799 S.W.2d 377, 380 (Tex.App.—Corpus

Christi 1990, writ denied). Therefore, the relevant inquiry in ascertaining whether the City breached its contract with Shiba is: (1) did the Shiba/City contract incorporate by reference the TDCA/City contract, and (2) did the City fail to perform with "care, skill, reasonable expedience and faithfulness" what it promised to do.

Here, the contract between the City and Shiba specifically stated the funds were being made available to Shiba pursuant to the TDCA/City contract and it expressly incorporated that document in article XI.[2] The TDCA/City contract required the City to submit quarterly progress reports "no later than the twentieth (20th) day of the month after the end of each quarter of the contract period...." The record reflects the contract funds were suspended because the City failed to properly submit the quarterly reports. Additionally, evidence suggests the City failed to properly submit the request to the TDCA for the $40,000 and did not correct the problem for several months. This is some evidence tending to show the City breached the contract with the TDCA and, thereby, breached its contract with Shiba. Also, the evidence suggests the City breached its common-law duty to perform what it promised to do—facilitate and coordinate the activities between Shiba and the TDCA such that the funds promised would be made available. Therefore, we hold this is more than a scintilla of evidence supporting the jury's verdict.

Point of error one is overruled.

In point of error three, the City argues there was legally insufficient evidence to support the damages awarded by the jury.

When the damages issue is submitted to the jury in broad-form, as it was in the instant case, it is difficult to ascertain with certainty what amount of the award is attributable to each element considered. *Greater Houston Transp. Co. v. Zrubeck*, 850 S.W.2d 579, 589 (Tex.App.—Corpus Christi 1993, writ denied). Thus, a meaningful review of the damages question is also difficult. The only effective way a defendant may challenge

---

**2.** Article XI states:
Attached hereto, and as *Exhibit "F"*, is a copy of Contract between Lender [the City] and the

Texas Department of Community Affairs dated effective January 13, 1987....

a multi-element damages award on appeal is to "address each and every element and show that not a single element is supported by sufficient evidence." *Id.* If one element is supported by the evidence, the damages award must be affirmed. *Id.*

Here, while the City challenges some components of the damages award, it did not attack "each and every element." Additionally, the record reflects that Shiba suffered damages both before and after the contract was signed [3] including construction expenses, loss of land, and foregone earnings; which we find are supported by the of evidence. Because the City failed to challenge "each and every element" of the damages award and at least one element is supported by the evidence, we affirm the jury's determination of damages. Point of error three is overruled.

 The City, in its second point of error, asserts there is factually insufficient evidence to support the jury's verdict. The Shiba/City contract stated the loan funds would not be disbursed, "unless funds for such purpose are made available by the Texas Department of Community Affairs." Emphasizing this provision of the contract, the City argues Shiba could only prevail if he could show funds were made available but not disbursed by the City. We disagree.

When considering a challenge to the factual sufficiency of the evidence, we review the entire record and set aside the verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Plas–Tex, Inc. v. United States Steel Corp.,* 772 S.W.2d 442, 445 (Tex. 1989); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

The evidence presented at trial was, inter alia, that Shiba requested the final $40,000 from the City in February 1988. The City submitted the request to the TDCA on February 18, 1988. On that same day, the TDCA requested a refund of $65,000 of the original $170,000, because according to the original documentation, that portion was not used for its designated purpose. Thereafter, a letter dated February 23, 1988 indicated the TDCA was delaying funding because:

(13) Contractor [the City] did not initially provide TCDP's Accounting office or Community Development, Finance Division with the required back-up documentation for this drawdown (over $100,000.00; *over 25% of any approved budget category;* and/or over 50% of the total contract amount).

(14) Contractor [the City] did not submit documentation with its initial payment request regarding the meeting of Special Conditions (Sections 20, 21, or 22 of TCDP Contract).[4]

. . .

(16) Contract funds are suspended because of non-submission of Quarterly Reports for the *3rd* Quarter, and 4th Quarter.

(17) Other reason(s): No [sic] engineering documentation, and renovation plans have also not been received for over 4 months as requested.

In April 1988, the TDCA, the City, and Shiba met to discuss the $65,000 issue, which was apparently resolved shortly thereafter. Subsequently, Shiba abandoned the project and defaulted on his loan with the City. The City finally received the $40,000 in September of 1988.

It is the trier of fact who judges the credibility of the witnesses and the weight to be given their testimony, and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. *Herbert v. Herbert,* 754 S.W.2d 141, 142, 144 (Tex.1988); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Stanley Stores, Inc. v. Chavana,* 909 S.W.2d 554, 559 (Tex. App.—Corpus Christi 1995, no writ). By its verdict, the jury found the City breached the contract before Shiba abandoned the project and defaulted on his loan. Having reviewed

---

3. It is apparent from the record that in his calculation of reliance damages, Shiba's expert included earnings and construction expenses incurred by Shiba after the TDCA/City contract was signed but before the Shiba/City contract was signed.

4. Sections 20, 21, and 22 of the contract pertained to environmental clearance requirements, minority participation, and special conditions; respectively.

all the evidence, we do not find the verdict to be so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We find the evidence factually sufficient to uphold the verdict.

The City's second point of error is overruled.

■ In point of error four, the City claims the trial court erred in submitting a broad-form damages issue to the jury because the charge did not limit the jury's consideration to only the proper measure of damages. Specifically, the City contends the jury was not limited on its consideration of lost profits as an element of damages.

When the trial court fails to include instructions on the proper measure of damages, it is the complaining party's burden both to object to the charge and to tender such instructions in substantially correct form. TEX.R. CIV. P. 278; *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 n. 4 (Tex.1981); *Texas Commerce Bank v. Lebco Constructors*, 865 S.W.2d 68, 75 (Tex.App.—Corpus Christi 1993, writ denied). Here, the City objected to the court's failure to limit the jury's consideration to the proper measure of damages, but failed to submit a proposed instruction in substantially correct wording. Therefore, the City has failed to properly preserve error and its fourth point of error is overruled.

■ In point of error five, the City claims the trial court erred in denying its motion for new trial because there was a "fatal conflict" between the jury's answers to questions two and four. Question two asked the jury "Did Tom Shiba breach the contract with the City of Port Isabel?" Question four asked whether "the City of Port Isabel breach[ed] its contract with Tom Shiba." The jury answered both questions affirmatively. The City argues that these are fatally conflicting answers requiring a new trial.

To preserve error when jury answers fatally conflict, appellant must object to the conflict before the jury is discharged. *Durkay v. Madco Oil Co., Inc.*, 862 S.W.2d 14, 23 (Tex.App.—Corpus Christi 1993, writ denied); *Zrubeck*, 850 S.W.2d at 586; *Roling v. Alamo Group (USA), Inc.*, 840 S.W.2d 107, 109 (Tex.App.—Eastland 1992, writ denied); *see also* TEX.R.APP. P. 295. The City did not object to the allegedly conflicting answers before the jury was discharged, therefore it has waived any error.

Point of error five is overruled.

■ In points of error six, seven, and eight, the City claims the trial court erred in awarding Shiba attorney's fees because: (1) there was no statutory authority imposing liability on the City for attorney's fees, (2) there was no evidence Shiba presented his claim for attorney's fees to the City, and (3) Shiba failed to segregate the attorney's fees for his defense from those for his counterclaim.

Rule 33.1 of the Texas Rules of Appellate Procedure requires a party to present to the trial court a timely request, objection, or motion in order to preserve a complaint for appeal. TEX.R.APP. P. 33.1; *Moody Nat. Bank v. Riebschlager*, 946 S.W.2d 521, 525 (Tex.App.—Houston [14th Dist.] 1997, writ denied) (holding, under former rule 52(a), appellant must object to alleged error in the trial court or such error is waived). The City did not object at any time to Shiba's request for attorney's fees. However, noting that Texas Civil Practice and Remedies Code section 38.001 does not authorize the imposition of attorney's fees upon a municipality, the City claims it was fundamental error for the trial court to award attorney's fees to Shiba. The City has provided no authority for such an assertion and our independent research has yielded none. Fundamental error in civil cases occurs in extremely rare circumstances where the court does not have proper jurisdiction over the action or the public interest is directly and adversely affected. *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982). While it may have been error for the trial court to award attorney's fees against the City absent statutory authority to do so, we hold such error did not go to the court's jurisdiction over the action, nor did it directly and adversely affect a public interest. Therefore, it was not fundamental error. Because the City failed to object to the request for attorney's fees, it has waived any error the trial court may

have committed in awarding attorney's fees to Shiba. *See County of El Paso v. Boy's Concessions, Inc.*, 772 S.W.2d 291, 293 (Tex. App.—El Paso 1989, no writ) (holding that even though statute did not provide for attorney's fees against county, its failure to object constituted waiver).

Accordingly, the City's sixth, seventh, and eighth points of error are overruled.

■ We next address Shiba's cross-points of error. In cross-point of error two, Shiba argues the trial court erred in failing to enter a single judgment in favor of Shiba. The jury awarded the City $170,000 and Shiba $441,804. Under these circumstances, the rules of civil procedure require the trial court to award Shiba the difference between the two amounts.[5] The trial court, however, rendered judgment for both parties in their respective amounts.

In its response, the City concedes this issue but argues that, under its own point of error five, Shiba is not entitled to any recovery. As we have already overruled point of error five, Shiba is entitled to recovery as determined by the jury. Because Shiba's recovery exceeds the City's, rule 302 requires the court to award Shiba the difference between the two jury awards. We sustain Shiba's second point of error. Accordingly, that portion of the judgment concerning each party's breach of contract damages will be reformed—the City will take nothing and Shiba's award will be offset to award him $271,804.

■ In cross-point of error one, Shiba claims the trial court erred in not awarding him prejudgment interest.

Where no statute controls the award of prejudgment interest, the decision to award such interest is left to the sound discretion of the trial court. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 (Tex. 1985), *overruled on other grounds by Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 533 (Tex.1998); *Baker Marine Corp. v. Weatherby Eng'g Co.*,

710 S.W.2d 690, 695 (Tex.App.—Corpus Christi 1986, no writ). The trial court is to make this decision relying upon equitable principles and public policy. *Spangler v. Jones*, 861 S.W.2d 392, 398 (Tex.App.—Dallas 1993, writ denied) (citing *Cavnar*, 696 S.W.2d at 552, 554). We will only reverse a trial court's decision not to award prejudgment interest if it abused its discretion. *Marsh v. Marsh*, 949 S.W.2d 734, 744 (Tex. App.—Houston [14th Dist.] 1997, no writ); *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 55 (Tex.App.—Dallas 1995, writ denied). It is an abuse of discretion when the trial court acts without reference to any guiding rules or principles. *Marsh*, 949 S.W.2d at 744.

Having reviewed the record, we find no evidence the trial court failed to follow guiding rules and principles. We, therefore, overrule Shiba's first cross-point.

The judgment of the trial court is REFORMED ordering the City take nothing and Shiba's damages award be reduced to $271,804; and is AFFIRMED as REFORMED.

---

5. Texas Rule of Civil Procedure 302 states:
 If the defendant establishes a demand against the plaintiff upon a counter-claim exceeding that established against him by the plaintiff, the court *shall* render judgment for the defendant for such excess. Tex.R. Civ. P. 302 (emphasis added).