NUMBER
13-01-383-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

 

JESUS
MORALES,                                                              Appellant,

 

                                                   v.

 

SANTA MORALES,                                                             Appellee.

 

    On appeal from the
197th District Court of Cameron County, Texas.

 

                                   O P I N I O N

 

                     Before Justices Dorsey,
Yañez, and Chavez[1]

                                   Opinion by
Justice Yañez

 








In this appeal,
Jesus Morales challenges the trial court=s judgment in
his ex-wife=s favor based
on the jury=s determination
that the separation agreement signed by him and his ex-wife, Santa, is not
enforceable.  We affirm.

After forty-plus
years of marriage, Santa filed for divorce in 1993.  In July 1994, the parties went to mediation
and decided to permanently separate instead of pursuing a divorce.  Jesus and Santa signed a separation agreement
that became effective on July 21, 1994.  The agreement states that they will at all
times live separately and apart as if they were unmarried.  The agreement=s stated purpose is to divide their
property and provide for the custody and support of their only remaining minor
child.  

On July 8,
2001, Santa filed suit against Jesus for fraud and breach of contract regarding
this agreement.  She alleged that Jesus
had misrepresented their marital assets, rendering their agreement unfair and
unenforceable.  The jury found the
agreement not enforceable and awarded Santa $735,735, as well as pre- and
post-judgment interest.

On appeal,
Jesus raises six issues challenging the trial court=s failure to
enforce the agreement.  By his first
point of error, appellant contends the court erred in failing to make a finding
as to whether the agreement was unconscionable as a matter of law under the
family code.[2]  Then, by his fourth point of error, Jesus
contends the trial court erred by Afailing to
submit a jury question on damages that is based on a legal theory of recovery.@  Regarding these two points, appellant has
failed to preserve the alleged errors for our review.








As for
appellant=s complaint
that the court failed to make a finding on unconscionability under the family
code,  the
record must show that appellant made such a complaint to the trial court by a
timely request, objection, or motion in order to preserve it for appellate
review.  Tex. R. App. P. 33.1(a)(1).  The request, objection, or motion must have
made the court aware of the complaint and complied with the rules of evidence
and procedure.  Id.
at (A-B).  The record must show
that the court either expressly or implicitly ruled on the complaint or refused
to rule.  Tex. R. App. P. 33.1(a)(2).  If the court refused to rule, the record must
show that the complainant objected to the refusal.  Tex.
R. App. P. 33.1(a)(2)(B).  Here, appellant never complained to the trial
court about its failure to determine the unconscionability of the separation
agreement.  Therefore, appellant waives
review of his first point of error.

In addition,
appellant=s complaint of
charge error must comply with rules of civil procedure 271-279.  Tex.
R. Civ. P. 271-79; 
Doe v. Mobile Video Tapes, Inc., 43 S.W.3d 40,
50 (Tex. App.BCorpus Christi
2001, no pet.).  The complaining party
must object to the submission of an erroneous question, instruction, or
definition.  Tex. R. Civ. P. 274. 
If the complaint concerns an omission, the party must request and tender
a substantially correct instruction in writing. 
Tex. R. Civ. P. 278.  If the court erroneously fails to include
instructions on the proper measure of damages, it is the complaining party=s burden both
to object to the charge and to tender such instructions in substantially
correct form.  Tex. R. Civ. P. 278.  AAny complaint
as to a question, instruction, or definition, on account of any defect,
omission, or fault in pleading, is waived unless specifically included in the
objections.@  Tex.
R. Civ. P. 274.  Objections to the
charge Ashall in every
instance be presented . . . before the charge is read to the jury.@  Tex.
R. Civ. P. 272.








Appellant
failed to complain before submission of the charge about the alleged charge
error in the jury question.  He did not
object or make a request during the charge conference.  He did not file written objections or written
requests.  Appellant complained of the
jury question regarding damages in his motion for new trial, but he did not
complain about the question before the court read the charge to the jury.  Appellant does not direct this Court to any
record establishing his timely objection. 
As such, appellant waives review of his fourth point of error.

By his sixth
point of error, Jesus contends counsel for Santa committed reversible error by
engaging in improper jury argument. 
Appellant has also waived this point. 
Appellant does nothing more than summarily state his point.  He does not explain why or how counsel=s argument is
inflammatory or appeals to passion and prejudice.  Appellant does not discuss the evidence or
explain how counsel=s arguments
were outside its scope.  He does not
explain how the impropriety of the argument ran through its entirety and was
cumulative.  Appellant cites no authority
for his proposition that improper argument during rebuttal is incurable.  An appellant who does nothing more than
summarily state his point of error, without citation to legal authority or
substantive analysis, has failed to preserve the argument for review.  Favoloro v. Comm=n for Lawyer
Discipline, 13 S.W.3d 831, 840 (Tex. App.BDallas 2000, no
pet.).  Consequently, appellant waives
review of his sixth point of error.

By his second
and third points of error, Jesus contends there is no evidence or, at least,
insufficient evidence to support the jury=s determination
and award.  Appellant argues that the
agreement=s terms,
specifically the distribution of community property and ten years of spousal
support, are fair and equal.  We
disagree.








In reviewing a
no evidence or legal insufficiency of the evidence point, we consider only the
evidence that tends to support the jury=s verdict and
disregard all evidence and inferences to the contrary.  City of Port Isabel v. Shiba, 976
S.W.2d 856, 858 (Tex. App.BCorpus Christi
1998, pet. denied) (op. on reh=g) (citing Responsive
Terminal Sys., Inc. v. Boy Scouts of Am., 774 S.W.2d 666, 668 (Tex.
1989) (per curiam)).  If there is
some evidence, or more than a scintilla, supporting the jury=s finding, the
legal sufficiency challenge must fail.  Shiba,
976 S.W.2d at 858. 
As for a review of factual sufficiency issues challenging a jury
verdict, we consider and weigh all of the evidence, not just the evidence that
supports the verdict.  Krishnan v.
Ramirez, 42 S.W.3d 205, 212 (Tex. App.BCorpus Christi
2001, pet. denied) (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1985)
(per curiam)).  We will set aside
the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Krishnan, 42 S.W.3d at 212.








In Texas, when Aa person [who]
is under a duty to disclose material information[] refrains from doing so, and
thereby leads another to contract in reliance on a mistaken understanding of
the facts, the resulting contract is subject to rescission due to the
intentional nondisclosure.@  Boyd v. Boyd, 67 S.W.3d 398, 404-05 (Tex.
App.BFort Worth
2002, no pet.) (citing Smith v. Nat=l Resort
Communities, Inc., 585 S.W.2d 655, 658 (Tex. 1979)).  AA duty to speak
arises from a fiduciary or confidential relationship or where a person is >by force of
circumstances,= under a duty
to speak.@  Boyd, 67 S.W.3d at 405 (quoting A.R.
Clark Inv. Co. v. Green, 375 S.W.2d 425, 435 (Tex. 1964);
 Casa El Sol-Acapulco v.
Fontenot, 919 S.W.2d 709, 718 (Tex. App.BHouston [14th Dist.] 1996, writ dism=d by
agr.)).  The duty exists where the
parties to a mediated settlement agreement have represented to one another that
they have each disclosed the marital property known to them.  Boyd, 67 S.W.3d at 405.  Moreover, Awhen one voluntarily discloses
information, he has a duty to disclose the whole truth rather than making a
partial disclosure that conveys a false impression.@  Boyd, 67 S.W.3d at 405 (quoting World
Help v. Leisure Lifestyles, Inc., 977 S.W.2d 662, 670 (Tex. App.BFort Worth
1998, pet. denied)).

Here, the
separation agreement states, in relevant part: 
AEach of us has
provided fair and reasonable disclosure of that party=s property and financial
obligations to the other party.@  At trial, several documents were admitted
into evidence by both parties to give the jury an idea of the state of
appellant=s finances at
the time he and Santa agreed to sign the agreement.  These documents included: appellant=s corporate tax
return, appellant=s personal
financial statement prepared for the U.S. Small Business Administration, an
inventory and appraisement prepared by appellant for an earlier divorce suit
that was dismissed in favor of the separation agreement, and analyses of
personal and corporate tax returns prepared by appellant.  Santa argued that the discrepancies between
the representations made by Jesus leading up to the separation agreement and
the evidence submitted at trial regarding appellant=s assets prove
fraud and breach of contract.

After reviewing
all of the evidence in both a neutral light and a light most favorable to the
verdict, we hold that it was factually and legally sufficient to support both
the jury=s determination
that the agreement was not enforceable and the award in Santa=s favor.  In short, based on the evidence regarding the
financial discrepancies, the jury could conclude that Jesus misrepresented his
assets, rendering the separation agreement unfair and unequal.  Appellant=s second and third points of error are
overruled.








By his fifth
point of error, Jesus contends the trial court erred by failing to properly
calculate prejudgment interest.  The
court=s judgment
awarded Santa prejudgment interest at ten percent, measured from July 21, 1994
(the effective date of the separation agreement).  Appellant argues according to the finance
code that:  (1) the prejudgment interest
rate should have been calculated at six percent, and (2) the interest should
have commenced on the date the original suit was filed.  We disagree.

AWe apply an abuse
of discretion standard to review the trial court=s award of prejudgment interest, giving
limited deference to the lower court=s application
of the law to the facts.@  Marsh v. Marsh, 949 S.W.2d 734, 744
(Tex. App.BHouston [14th
Dist.] 1997, no writ).  AA trial court
abuses its discretion when it acts without reference to any guiding rules or
principles.@  Id.

The finance
code states:

' 302.002.  Accrual of Interest
When no Rate Specified

 

If a creditor
has not agreed with an obligor to charge the obligor any interest, the creditor
may charge and receive from the obligor legal interest at the rate of six
percent a year . . . .

 

' 304.104.  Accrual of Prejudgment
Interest

 

[P]rejudgment
interest accrues on the amount of a judgment during the period beginning on the
earlier of the 180th day after the date the defendant
receives written notice of a claim or on the date the suit is filed and
ending on the day preceding the date judgment is rendered.

 








Tex. Fin. Code Ann. '' 302.002, 304.104 (Vernon 1998 and Supp. 2002)
(emphasis added). 
However, A[w]hen
extrinsic evidence is needed to determine the amount of contract damages,@ article
302.002 does not apply.  Marsh,
949 S.W.2d at 745 (referring to the article=s predecessor statute).  In these situations, a court can award
prejudgment interest based on equity.  Perry Roofing Co. v. Olcott, 744 S.W.2d 929, 930 (Tex.
1988).  In other words, when
damages are not ascertainable from the face of the contract, a trial court may
award ten percent prejudgment interest.  Marsh,
949 S.W.2d at 744 (citing Olcott, 744 S.W.2d at 930-31).

This is the
situation here.  The jury awarded damages
based on trial evidence and not the separation agreement because the agreement
was found to be unfair and thus unenforceable. 
Since extrinsic evidence was needed to determine Santa=s damages, the
finance code does not apply.  Id. at 745. 
Accordingly, the court did not abuse its discretion by awarding
prejudgment interest at a rate of ten percent. 
Id.

Regarding the
accrual date, the prejudgment interest statute does not set forth requirements
for what constitutes a defendant=s receipt of
adequate written notice of a claim.  Robinson v. Brice, 894 S.W.2d 525, 528
(Tex. App.BAustin 1995,
writ denied).  It is important to note
that this statute is construed liberally to achieve its purposes of fully
compensating the plaintiff and encouraging settlements.  Id. at 529.  The Texas Supreme Court has further explained
that  Athe starting date for accrual of
prejudgment interest . . . [is] >six months
after the occurrence of the incident giving rise to the cause of action.= @  Johnson & Higgins of Texas, Inc. v.
Kenneco Energy, Inc., 962 S.W.2d 507, 529 (Tex. 1998) (quoting Cavnar
v. Quality Control Parking, Inc., 696 S.W.2d 549, 554 (Tex. 1985)).[3]








Here, there are
arguably two incidents (the 1993 divorce suit and the 1994 separation
agreement) giving rise to the original cause of action (the 2001 breach of
contract and fraud suit).  It is
undisputed that Santa filed for divorce in 1993 and, after mediation, the
parties agreed to the separation agreement, which took effect on July 21,
1994.  Considering the liberal
construction of the Awritten notice
of a claim@ requirement
and the statement in Kenneco Energy, we conclude that the trial court
did not abuse its discretion by deciding to calculate prejudgment interest from
the date of the agreement (and not the date the underlying suit here was filed,
as appellant argues) because the divorce suit Santa filed in 1993 gave Jesus
written notice of her claim to a portion of their marital assets.  The date of the agreement (July 21, 1994),
which is the date from which the interest was measured, is at least six months,
or 180 days, after the 1993 divorce suit was filed.  Thus, measurement of prejudgment interest
from that date is consistent with the statutory requirement (180 days after
written notice of a claim) and the case law (six months after the incident
giving rise to the original cause of action). 
Tex. Fin. Code Ann. ' 304.104
(Vernon 1998 and Supp. 2002); 
Kenneco Energy, 962 S.W.2d at 529.  Consequently, the judge=s decision to
calculate prejudgment interest from July 21, 1994, the date the separation
agreement took effect, was not error.

It was within
the trial court=s discretion to
calculate prejudgment interest at ten percent, dating back to July 21,
1994.  Appellant=s fifth point
of error is overruled.

We have considered all
of appellant=s arguments, and they
are all waived or overruled.  The trial
court=s judgment is affirmed.

 

 

LINDA REYNA YAÑEZ

Justice

 

 

Opinion delivered and filed this the

23rd day of
January, 2003.











[1]Retired
Justice Melchor Chavez, assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t
Code Ann. '
75.002 (Vernon 1998).





[2]The
trial court found that family code section 4.105 (which states, A[a]n
issue of unconscionability of a partition or exchange agreement shall be
decided by the court as a matter of law@)
did not apply to the separation agreement at issue in this case and,
consequently, made no decision regarding unconscionability.  Tex.
Fam. Code Ann. ' 4.105 (Vernon
1998) (emphasis added).  





[3]ACavnar
involved claims for personal injury, but its application has been expanded to
non-personal injury scenarios.@  Johnson & Higgins of
Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 529
(Tex. 1998).