Affirmed; Appellant’s Motion for Rehearing Denied and Supplemental
Memorandum Opinion on Rehearing filed November 12, 2004









Affirmed;
Appellant’s Motion for Rehearing Denied and Supplemental Memorandum Opinion on
Rehearing filed November 12, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01040-CV

____________

 

OFFICE OF THE ATTORNEY GENERAL OF
THE STATE OF TEXAS, Appellant

 

V.

 

CHERYL L. PHILLIPS, Appellee

 



 

On Appeal from the County
Court at Law

Walker County, Texas

Trial Court Cause No. 5408

 



 

S U P P L E M E N T A L   M E M O R A N D U M   O P I N I O N

O N   R E H E A R I N G

In its
motion for rehearing, the Office of the Attorney General of Texas attempts to
address for the first time its failure to preserve error in the trial
court.  While we change nothing in our
original opinion or in our disposition of the appeal, we supplement the opinion
to address the issues raised in the motion for rehearing.  The motion for rehearing is denied.

 








On
rehearing, appellant makes the following additional arguments to show that it
was not required to preserve error below to argue on appeal that the trial
court erred in ordering it to pay Phillips’ attorney’s fees: (1) sovereign
immunity deprives the trial court of jurisdiction to assess attorney’s fees
against it; (2) the trial court’s assessment of attorney’s fees against
appellant when it lacked jurisdiction constituted fundamental error that can be
raised for the first time on appeal; and (3) a motion for new trial is not
necessary to raise either legal or factual sufficiency complaints in a nonjury
trial.  We address each in turn.

Sovereign
Immunity

Appellant
contends that sovereign immunity protects it from the trial court’s order that
it pay Phillips’ attorney’s fees, and suggests that the trial court’s order is
void because it lacked jurisdiction to enter the judgment against
appellant.  In support of this, appellant
cites Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).  Beyond citing to general statements of the
law, however, appellant does not explain how sovereign immunity applies
here.  Instead, appellant argues there is
no statutory authority for assessing attorney’s fees against it, and reasserts
its original argument that Family Code section 231.211 prohibits the trial
court from assessing attorney’s fees against the Attorney General’s office in
this context.  These arguments do not
support appellant’s position.








First,
despite its argument that the trial court lacks authority to assess attorney’s
fees against it, appellant does not dispute that it can be ordered to pay
attorney’s fees as a sanction.  Indeed,
in its original brief, it even cites a similar case in which the court upheld
an award of attorney’s fees against the Attorney General’s office when the
award was imposed as a sanction under Texas Rule of Civil Procedure 13.  See In the Interest of A.C.B., 103
S.W.3d 570, 575–77 (Tex. App.—San Antonio 2003, no pet).  Second, appellant does not explain how Family
Code section 231.211 relates to sovereign immunity or acts to deprive the trial
court of jurisdiction so as to render the trial court’s judgment void.  See Mapco, Inc. v. Forrest, 795
S.W.2d 700, 703 (Tex. 1990) (per curiam) (“A judgment is void only when it is
apparent that the court rendering the judgment had no jurisdiction of the
parties, no jurisdiction of the subject matter, no jurisdiction to enter the
judgment, or no capacity to act as a court.”) (citing Cook v. Cameron,
733 S.W.2d 137, 140 (Tex. 1987)).  As the
Texas Supreme Court expressly held in Mapco, “the mere fact that an
action by a court . . . is contrary to a statute, constitutional provision or
rule of civil or appellate procedure makes it [not void but] ‘voidable’ or
erroneous.”  Mapco, 795 S.W.2d at
703; see also A.C.B., 103 S.W.3d at 574 (rejecting Attorney General’s
argument that sovereign immunity was implicated in child support obligor’s
declaratory judgment action because he “does not attempt to impose liability on
the State, nor is he making a claim against the State”).  We are unpersuaded by appellant’s cursory
argument and decline to hold in this case that sovereign immunity applies to
deprive the trial court of jurisdiction to assess attorney’s fees against it. 

Fundamental
Error

Appellant
next contends that, because sovereign immunity deprives the trial court of
jurisdiction over it, the trial court’s judgment assessing attorney’s fees
against it constitutes fundamental error, which can be raised for the first
time on appeal.  In our original opinion,
we noted that appellant “makes no argument that it is entitled to the relief it
seeks despite its failure to comply with the rules of appellate procedure” and
“does not contend that this is a case of fundamental error, or provide any
reason why Rule of Appellate Procedure 33.1 should not apply.”  It appears that appellant took this language
as a suggestion as to what it should argue, and so now raises this fundamental
error argument.  Again, however, we are
unpersuaded.








In Pirtle
v. Gregory, the Texas Supreme Court explained that instances of fundamental
error are few: “Fundamental error survives today in those rare instances in
which the record shows the court lacked jurisdiction or that the public
interest is directly and adversely affected as that interest is declared in the
statutes or the Constitution of Texas.” 
629 S.W.2d 919, 920 (Tex. 1982) (per curiam); see also Siebenmorgen
v. Hertz Corp., No. 14-97-01012-CV, 1999 WL 21299, at *3 n.4 (Tex.
App.—Houston [14th Dist.] Jan. 21, 1999, no pet.) (not designated for
publication) (noting that trial court’s error in failing to stay trial during
interlocutory appeal in contravention of statute was procedural rather than
fundamental error and was waived because appellant failed to object
below).  Here, appellant argues only that
the trial court’s judgment constituted fundamental error because sovereign
immunity deprived the court of subject matter jurisdiction—a position we have
rejected.  As we noted above, errors
other than lack of jurisdiction, such as when a court acts contrary to a
statute, merely render the judgment voidable so that it may be “corrected
through the ordinary appellate process or other proper proceedings.”  Mapco, 795 S.W.2d at 703.[1]  Accordingly, appellant’s failure to object to
the assessment of attorney’s fees against it waived any error the trial court
committed. 

Legal or
Factual Insufficiency of Evidence








Lastly,
appellant argues that it was not required to object to the assessment of
attorney’s fees against it because Texas Rule of Civil Procedure 324 provides
that a motion for new trial is not a prerequisite to a complaint on appeal in
either a jury or nonjury case except as provided in the rule, and it is not
necessary to raise either legal or factual sufficiency complaints in a nonjury
trial.[2]  Although not mentioned by appellant, we note
that Rule 33.1(d) expressly provides that, in a nonjury case, legal or factual
insufficiency of the evidence issues may be raised for the first time on appeal
in the complaining party’s brief.  See
Tex. R. App. P. 33.1(d).  








Appellant’s
argument is wholly unclear from its scant briefing, but we construe it to be
that an objection based on Family Code section 231.221 is a legal sufficiency
of the evidence or “no evidence” issue that need not be raised in a motion for
new trial.[3]  In its original brief, appellant did not
raise any legal or factual insufficiency of the evidence issues, and did not
challenge the amount of the attorney’s fees. 
Now, however, it merely asserts—without any legal analysis or citation
to authority—that it was not required to file a motion for new trial on the
issue.  Appellant makes no attempt to
explain why this issue is one of sufficiency of the evidence, or why its
compliance with Rule 33.1 is excused.  We
note that, as the State’s attorneys practicing in a highly  specialized area of the law, appellant was
surely well aware of the statute prohibiting the assessment of attorney’s fees
against it in a child support enforcement action.  And, appellant had numerous opportunities to
bring the statute to the trial court’s attention; for example, it could have
raised it in response to Phillips’ motions, at the hearing, or at some point
before or after it submitted to the court the proposed order it prepared.  Had appellant done this, we are confident the
trial court would have ruled differently, and this appeal and motion for
rehearing would have been unnecessary. 
As the Texas Supreme Court succinctly explained in Pirtle v. Gregory,
“The reason for the requirement that a litigant preserve a trial predicate for
complaint on appeal is that one should not be permitted to waive, consent to,
or neglect to complain about an error at trial and then surprise his opponent
on appeal by stating his complaint for the first time.”  629 S.W.2d at 920.  This requirement is sound, and therefore we
decline to accept appellant’s mere ipse dixit otherwise.   

The judgment of the trial court is affirmed.

 

 

 

 

/s/        Wanda
McKee Fowler

Justice

 

 

Rehearing Denied and Supplemental
Memorandum Opinion on Rehearing filed November 12, 2004.

Panel consists of Justices Fowler,
Edelman, and Seymore.

 

 











[1]We further note that appellant
failed to bring to our attention cases that have addressed similar issues.  See, e.g., City of Port Isabel v.
Shiba, 976 S.W.2d 856, 860 (Tex. App.—Corpus Christi 1998, pet. denied)
(holding that trial court’s assessment of attorney’s fees against city in
absence of statutory authority was not fundamental error and city waived error
when it failed to object below); County of El Paso v. Boy’s Concessions,
Inc., 772 S.W.2d 291, 293–94 (Tex. App.—El Paso 1989, no writ) (holding
that county waived argument that it was exempt by statute from payment of
attorney’s fees when it failed to object below); see also Tex. Dept. of Pub.
Safety v. Burrows, 976 S.W.2d 304, 307 (Tex. App.—Corpus Christi 1998, no
pet.) (holding that, even though it had no opportunity to object before the
entry of attorney’s fees against it, Department waived challenges to attorney’s
fee award when it failed to preserve issues by some motion, such as a motion
for rehearing or for new trial).





[2]In support of its contention that a motion for new
trial is not necessary to raise either legal or factual sufficiency complaints
in a nonjury trial, appellant cites Johnstone v. State, 961 S.W.2d 385,
387 (Tex. App.—Houston [1st Dist.] 1997, no writ), and Strickland v. Coleman,
824 S.W.2d 188, 191 (Tex. App.—Houston [1st Dist.] 1991, no writ). 





[3]The
entirety of appellant’s argument on this issue is as follows:

 

This Court has determined that Appellant was obligated under
the provisions of Rule 33.1, Rules of Appellate Procedure, to call to the
attention of the trial court that it did not have authority or jurisdiction to
enter a judgment for attorney fees on the basis that such fees were precluded
by Family Code section 231.211.  The
primary device provided by the Rules of Civil Procedure for preserving such an
error or for calling to the attention of the trial court an error in the
judgment is the filing of a motion for new trial.  Rule 324, however, specifically provides that
the filing of a motion for new trial is not a prerequisite to appeal.