TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Bobby G. BURROWS, Appellee.

No. 13–97–131–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 13, 1998.

Rehearing Overruled Oct. 1, 1998.

Andres Cedillos, San Antonio, Donald C. Cook, Corpus Christi, Loren E. Svor, Asst. General Counsel, Austin, for appellant.

William E. Corcoran, Cardenas & Whitis, Mark Alexander, McAllen, for appellee.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

This is an appeal by the Texas Department of Public Safety of a judgment against it for $200 in costs and $1,500 in attorney fees. Appellee Bobby Burrows moved to find the Texas Department of Public Safety in contempt for failure to abide by a court order issued by Judge Rudy Delgado of Hidalgo County Court at Law Number One. That order reinstated Burrows's suspended driver's license and directed the Department to delete any record of the suspension. Although the trial court declined to hold the Department in contempt, the judge ordered it to pay $200 in costs and $1,500 in attorneys fees. The Department appeals this order by three points of error, challenging the award of attorneys fees, the jurisdiction of the trial court to issue the underlying judgment following Burrows's initial appeal, and the propriety of holding an *ex parte* hearing on the underlying appeal when the Department did not receive proper notice of the hearing. We affirm the trial court's judgment.

Burrows refused to submit to a breath or blood alcohol concentration test following a traffic stop, and his license was automatically suspended pursuant to section 724.015 of the transportation code. TEX. TRANS. CODE ANN. § 724.015(2) (Vernon 1998). In April 1995, following an administrative hearing held in compliance with the Administrative Procedures Act and revised civil statutes article 6687b-1 section 7, an administrative law judge (ALJ) suspended Burrows's driver's license. Burrows appealed this decision to Hidalgo County Court at Law Number One and served notice of his appeal on the Department's Driver Improvement Control Board at its offices in Austin, Texas. *See* TEX. TRANS. CODE ANN. § 524.041(c) (Vernon 1998). The Department filed an answer and special exceptions through its attorney of record, James Sturgis. Sturgis signed the Department's answer and included his office

address in McAllen, Texas. Nonetheless, when Burrows moved for a hearing in which the Department should show cause why his license should not be reinstated, he mailed the notice of the hearing date to the Department's Austin office. On October 4, 1995, the trial court held the show cause hearing without the Department's participation. Judge Delgado ordered Burrows's license reinstated and ordered the Department to delete any notation of the suspension of Burrows's license from its records. This order was signed October 10, 1995. Burrows mailed an unsigned copy of the court order to the Department's Austin office, but did not notify Sturgis. Indeed, in June of 1996, Sturgis filed a motion with Judge Delgado to dismiss Burrows's appeal for want of prosecution. The Department took no action on the October 10 order and, over the next year, Burrows was stopped twice and ticketed for driving with a suspended license. Following his second stop, he was arrested and required to post a $500 bond.

Burrows filed a motion for contempt in Judge Delgado's court complaining the Department had ignored and was ignoring the October 10 order. A hearing on this motion was held on October 21, 1996. The Department was represented by its Assistant Director of Hearings, Mr. Andres Cedillos. After hearing argument from both sides and Burrows's testimony, the trial court declined to hold the Department in contempt, but did order it to pay Burrows $200 in damages and $1,500 in attorneys fees. It is from this order that the Department appeals.

The Department's first and second points of error challenge the propriety of the trial court's judgment rendered on October 10, 1995, reversing Burrows's license suspension. The Department contends that judgment was void as a matter of law, because the trial did not comport with the requirements of the Administrative Procedure Act, and the trial court granted more relief than the statute allowed. TEX. GOV'T CODE ANN. § 2001.174 (Vernon Pamph.1998). The Department further argues that the 1996 order, which is the subject of this appeal, cannot stand because it is an attempted enforcement of the earlier void order.

A party may directly attack the propriety of a judgment. Direct attacks in the trial court include the granting of a motion for new trial and a bill of review. Direct attacks in the court of appeals include an ordinary appeal, an appeal by writ of error (now called "restricted appeal"), and an appeal by writ of error from a bill of review judgment. *Glunz v. Hernandez,* 908 S.W.2d 253, 258 (Tex.App.—San Antonio 1995, writ denied). These are direct attacks on the judgment and each has precise time requirements for their perfection.[1] Unless the judgment is thus successfully attacked, it is valid and entitled to all the process for enforcement and collection allowed by law. Only in the most extraordinary circumstances can a judgment be attacked collaterally after the time for appeal has passed. As the supreme court wrote in *Mapco v. Forrest,* 795 S.W.2d 700 (Tex.1990):

> Absent one of those rare circumstances that makes the judgment "void," the mere fact that an action by a court [ ... ] is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it "voidable" or erroneous. A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987); *Browning v. Placke,* 698 S.W.2d 362, 362 (Tex.1985).

*Mapco,* 795 S.W.2d at 702–03; *see also Kohls v. Kohls,* 461 S.W.2d 455, 465 (Tex.Civ. App.—Corpus Christi 1970, writ ref'd n.r.e.) (although an erroneous exercise of power can be subject to a direct attack, the complaint cannot be raised by a collateral attack on the judgment.).

The trial court signed the judgment on October 10, 1995. No motion for new trial was made from this judgment; therefore, the appeal was due to be perfected on or before November 9th. The State did not file a motion for extension of time in which to perfect appeal. For a restricted appeal the filing deadline was no later than April 10, 1996. The appeal before us relates to the order resulting from the contempt hearing of October 21, 1996, and not from the final judgment signed October 10, 1995. The record contains no appeal of any variety timely filed relating to the October 10 judgment.

The Department justifies its collateral attack on the grounds that it received no notice of the hearing resulting in the final judgment and that, as the trial court's action did not comport with those specifically authorized by statute and is, therefore, void. Neither argument has merit.

The Department first made its argument that it had not received notice of the October 10 hearing during the contempt hearing held on October 21st of the following year. The trial court concluded that, though Burrows did not directly notify the Department's local counsel of the motion and hearing, he did notify the appropriate DPS section. The Department cites no authority for the proposition that notice must be sent to its local counsel-of-record rather than its home office. The record indicates the trial court concluded the lack of notice to Sturgis was the result of the Department's own inefficiency. We concur. In its brief, the Department asserts again it had no notice of the October 10 hearing, stating: "Since the Department had received no notice of any attempt to pursue the appeal .... " and "The Department had no notice of any previous order or even of a previous hearing [referring to the October 10

1. A party wishing to assail a final, appealable order must file a notice of appeal within thirty days after the judgment is signed. Tex.R.App. P. 26.1. The aggrieved party gains an additional sixty days to file if any party files a motion for new trial, to modify judgment, to reinstate, or a request for findings of fact and conclusions of law. Tex.R.App. P. 26.1(a). In a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. Tex.R.App. P. 26.1(c). A restricted appeal is permitted where the complaining party did not participate in the hearing that resulted in the judgment complained of and did not otherwise extend the filing deadline or timely perfect appeal under rule 26.1(a). Tex.R.App. P. 30. The appellate timetables will be delayed up to ninety days for an aggrieved party affected by a judgment or appealable order who does not receive notice within twenty days of the signing. Tex.R. Civ. P. 306a(4); Tex.R.App. P. 4.2(a)(1). This delay does not apply to restricted appeals. Tex.R.App. P. 4.2(a)(2).

hearing and subsequent order]." It is significant the Department argues the Department itself, not local counsel, was without notice. The contempt hearing record clearly indicates the Department's counsel, Andres Cedillos, conceded Burrows sent notice of the hearings and orders to the Driver Improvement Control Board post office box at the Department's Austin headquarters. We hold the trial court did not err in concluding the Department received timely notice of the October 4 hearing.

Next, the Department argues the trial court's ruling exceeded its authority under the statute rendering its judgment void and, therefore, subject to collateral attack.

Recently, the San Antonio Court of Appeals, in *Masonite Corp. v. Garcia*, decided a similar issue in which the trial court allegedly exceeded its authority by entering certain orders. *Masonite Corp. v. Garcia*, 951 S.W.2d 812 (Tex.App.—San Antonio 1997, no writ). Citing *Mapco*, the court stated: "When a court's action is merely contrary to a statute, the action is erroneous or voidable, rather than void." *Masonite*, 951 S.W.2d at 820.

■■■ Given these most recent rulings on the issue, we hold the Department complains of an order that is, at best, merely voidable and not void; consequently, the Department cannot attack the October 1995 judgment collaterally through this appeal from an unrelated adjudication on a motion for contempt. Where jurisdiction has otherwise properly attached, an aggrieved party is obliged to challenge the offending judgment by direct attack. The Department's first and second points of error are overruled.

■■■ By its third point of error, the Department challenges the trial court's award of attorneys fees because: (1) there was no statutory authority imposing liability on the Department for attorneys fees, (2) Burrows did not request attorneys fees in his pleadings, (3) there is no evidence in the record justifying attorney's fees, and (4) the trial court is without power to take money from the Department, a state agency. As we re-

cently held in *City of Port Isabel v. Shiba*, trial error regarding the award of attorneys fees was not fundamental and must be preserved by timely request, objection, or motion. *Id.*, 976 S.W.2d 856, 860 (Tex.App.— Corpus Christi July 9, 1998, n.w.h.) (op. on reh'g); *see also County of El Paso v. Boy's Concessions, Inc.*, 772 S.W.2d 291, 293 (Tex. App.—El Paso 1989, no writ) (holding failure to object constituted waiver even absent statutory provision for award of attorney's fees).

In the case at hand, the Department was not afforded an opportunity to object to the introduction of evidence relating to attorney's fees during the hearing for the simple expedient that no such evidence was offered. Further, as the Department argues on appeal, Burrows requested no such relief in his motion to the trial court. Consequently, the first indication the Department had that attorneys fees had been awarded was on receipt of the judge's written order. Though neither an objection nor a request were possible, the Department was, nonetheless, obligated to preserve their point for our review by some motion, such as a motion for rehearing or for new trial. Neither the original transcript[2] nor the two supplemental transcripts contain a timely filed motion for rehearing or new trial raising this issue for the trial court's action.

This appeal was filed prior to the advent of the new appellate rules. Under the prior rules, the burden was on the party seeking review to see that a sufficient record was presented to show error requiring reversal. Former TEX.R.APP. P. 50(d). Nothing in the record before us indicates appellant questioned in the trial court the propriety of the award of attorneys fees; therefore, this issue has not been preserved for our review. Appellant's third point of error is overruled. The judgment of the trial court is AFFIRMED.

---

**2.** Transcripts are now known as Clerk's Records pursuant to changes in the rules of appellate procedure effective September 1, 1997. TEX. R.APP. P. 34.