Opinion issued July 31, 2003

 









In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00746-CV






ANDREW L. COTTONE, Appellant


V.


THORIS STEPHANIE COTTONE, Appellee






On Appeal from the 310th District Court

Harris County, Texas

Trial Court Cause No. 2000-47406






O P I N I O N


 Appellant, Andrew L. Cottone, appeals the trial court's denial of his motion to
void or to clarify the decree under which he and appellee, Stephanie Thoris Cottone,
were divorced and their property was divided. In two issues presented for review,
Andrew contends that (1) the portion of the decree awarding Stephanie half of his
separate property personal injury award is void for want of subject matter jurisdiction
and (2) the trial court abused its discretion by denying his motion because it did not
consider his evidence, thus depriving him of his fundamental right of access to the
court. We affirm.

Background


 Andrew and Stephanie were divorced in November 2000. Andrew filed a
waiver of citation, then filed an answer a month later, but did not appear at the
hearing. In the divorce decree, the trial court awarded Stephanie half of $50,000 that
was awarded to Andrew during the marriage for injuries he sustained in a car
accident. The settlement documents governing the personal injury award did not 
identify what portion was for lost wages and medical expenses and what portion, if
any, was for pain and suffering. Andrew did not attend the hearing on the divorce
and did not provide the court with any evidence showing that the personal injury
award consisted of only his separate property. 

 Andrew timely filed, but then withdrew, a motion for new trial. He later timely
filed a bill of review that was denied by the trial court. Andrew did not appeal the
trial court's denial of his bill of review. Months later, after the trial court's plenary
power had expired, Andrew filed a second motion for new trial that was denied as
untimely filed.

 When Andrew refused to remit to Stephanie her half of the personal injury
award, Stephanie filed a motion to enforce the decree. The trial court found Andrew
in contempt for not paying Stephanie this money; in response, he filed a motion to
declare the award void or, in the alternative, to clarify the decree. After holding a
hearing on the matter, the trial court denied the motion, and this appeal ensued. 
Pending disposition of the appeal, the trial court stayed collection of the disputed
funds.

Subject Matter Jurisdiction


 In his first issue, Andrew contends that personal injury awards are separate
property as a matter of law and that the trial court lacked subject matter jurisdiction
over his separate property. Thus, he argues that the portion of the divorce decree
awarding Stephanie half of his personal injury award is void. 

 A recovery for personal injuries sustained by a spouse during marriage is
generally that spouse's separate property. Tex. Fam. Code Ann. § 3.001(3) (Vernon
1998); Graham v. Franco, 488 S.W.2d 390, 396 (Tex. 1972); Licata v. Licata, 11
S.W.3d 269, 273 (Tex. App.--Houston [14th Dist.] 1999, pet. denied). However,
portions of a personal injury award belong to the community estate, including
damages for lost wages, medical expenses, and other expenses associated with the
injury to the community estate. Tex. Fam. Code Ann. § 3.001(3); Licata, 11 S.W.3d
at 273; Osborn v. Osborn, 961 S.W.2d 408, 414 (Tex. App.--Houston [1st Dist.]
1997, pet. denied). When a spouse receives a settlement from a lawsuit during
marriage, some of which could be separate property and some of which could be
community property, it is that spouse's burden to demonstrate which portion of the
settlement is his separate property. Licata, 11 S.W.3d at 273. Andrew did not
demonstrate which portions of the personal injury award were his separate property.

 A court has wide discretion in dividing community property, but it cannot
divest a spouse of separate property. Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139
(Tex. 1977). Such a divestiture is both unconstitutional and in violation of the Family
Code. See Cameron v. Cameron, 641 S.W.2d 210, 214 (Tex. 1982). However, to
directly attack a decree entered by a trial court, a party must timely file a motion for
new trial or a motion to correct, to amend, to modify, to reform, or to vacate the
judgment. See Texas Dept. of Pub. Safety v. Burrows, 976 S.W.2d 304, 306 (Tex.
App.--Corpus Christi 1998, no pet.). To directly attack the trial court's decree in an
appellate court, a party must bring an ordinary appeal, a restricted appeal, or an
appeal from a bill of review judgment. Id. Such direct attacks have precise time
requirements for their perfection that Andrew did not satisfy. Id. 

 The procedural chronology in this case is as follows: The divorce decree was
rendered on November 22, 2000. Andrew had 30 days to appeal the decree or to file
a motion for new trial or a motion to modify, to correct, or to reform the judgment. 
See Tex. R. Civ. P. 329b (a),(d),(e),(g). Andrew timely filed a motion for new trial
on December 1, 2000, but abandoned the motion on December 13, 2000. The trial
court never ruled on the motion. Thus, assuming without deciding that the
abandonment did not affect the appellate timetable, the motion was overruled by
operation of law 75 days later, on February 26, 2001. Because he filed a motion for
new trial, Andrew had 90 days from the date of the judgment, or until February 17,
2001, to perfect an appeal. See Tex. R. App. P. 26.1(a)(1). He did not appeal. He
also did not pursue a restricted appeal. 

 Once the time for direct attack by appeal has elapsed, a bill of review in the
court rendering the judgment is the exclusive remedy to attack the judgment. See
Tex. R. Civ. P. 329b(f); Middleton v. Murff, 689 S.W.2d 212, 212 (Tex. 1985);
Nguyen v. Intertex, Inc., 93 S.W.3d 288, 294 (Tex. App.--Houston [14th Dist.] 2002,
no pet.). Andrew filed a bill of review that was denied by the trial court on May 29,
2001. Andrew did not file a motion in the trial court seeking a new trial or
modification of the denial. Thus, he had 30 days, or until June 28, 2001, to appeal the
denial of the bill of review to this Court. See Tex. R. App. P. 26.1. He did not file an
appeal. 

 In sum, Andrew could have offered evidence at the divorce hearing to
substantiate his claim that the personal injury award consisted solely of separate
property, but he did not. He could have contested the characterization of this property
and its division by pursuing his original motion for new trial or by appealing the
denial of his bill of review, but he did not. Thus, he cannot directly attack the
judgment in the trial court or by appeal at this juncture.

 A judgment can be collaterally attacked after the time to appeal has passed only
in extraordinary circumstances. Nguyen, 93 S.W.3d at 294. If a trial court lacks
subject matter jurisdiction, its judgment is void, and the judgment is properly subject
to collateral attack. Id. By asserting that the trial court did not have subject matter
jurisdiction over his separate property, Andrew is attempting to attack the judgment
collaterally. However, he cannot prevail.

 Although there is some authority that seems to suggest that a trial court does
not have subject matter jurisdiction over separate property, the Texas Supreme Court
recently ruled otherwise in a case directly on point. See Reiss v. Reiss, 46 Tex. Sup.
Ct. J. 844, (Tex. June 26, 2003). The husband in Reiss contended that the divorce
decree was a void judgment because the trial court that rendered it did not have
jurisdiction to divest him of his separate property. Id. at 846. Therefore, the husband
argued that the decree was subject to attack at any time. Id. The court rejected this
argument, noting that "jurisdiction" refers to a court's authority to adjudicate a case
and that, in general, as long as the court entering a judgment has jurisdiction of the
parties and the subject matter and does not act outside its capacity as a court, its
judgment is not void. Id. The Reiss court held that the trial court had incorrectly
characterized separate property as community property in the divorce decree, and that
the judgment would have been voidable if it had been properly appealed. Id. 
Nevertheless, the court held that the judgment was not void because a court has
jurisdiction to characterize community property, even if it does so incorrectly;
therefore, when the husband did not perfect an appeal, the judgment became final,
and the husband could not collaterally attack the court's division of property in the
decree. Id.

 Accordingly, we hold that Andrew cannot collaterally attack the trial court's
division of property in the divorce decree. We overrule his first issue.

Denial of Motion to Clarify or to Declare Judgment Void


 In his second issue, Andrew contends that the trial court abused its discretion
when it denied his motion to clarify or to declare the judgment void because it did not
consider his evidence, thus depriving him of his fundamental right of access to the
court. We conclude that this argument is without merit. The trial court did not err in
denying the motion to declare the judgment void, as explained in the preceding
section. It also did not err in denying the motion to clarify the decree. What Andrew
sought was not clarification, but amendment.

 An order of clarification is appropriate when the original form of the division
of property is not specific enough to be enforceable by contempt. Tex. Fam. Code
Ann. § 9.008(b) (Vernon 1998). The division of the personal injury award is crystal
clear: it is divided equally between Stephanie and Andrew. What Andrew was
actually asking the trial court to do was to revisit the issue, which it could not do. A
court cannot amend, modify, alter, or change the division of property made in the
decree of divorce. Tex. Fam. Code Ann. § 9.007(a) (Vernon 1998). Moreover, an
order to clarify may not alter or change the substantive division of property. Id. 

 Andrew's access to the court was unimpeded--he filed his motion and argued
it at a hearing. Therefore, his fundamental right of access was honored.

 We overrule the second issue.

 We affirm the trial court's judgment.



 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Nuchia, and Keyes.