Dismissed and Memorandum Opinion filed February 21, 2008








Dismissed
and Memorandum Opinion filed February 21, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00448-CV

____________

 

RICHARD NUNEZ CARMONA, d/b/a LOS
MAGNIFICOS LOW RIDER CAR CLUB, d/b/a FINEST FEW LOW RIDER CLUB, d/b/a THE JOEL
CARMONA SUPERCUSTOM CAR SHOW, d/b/a SPACE CITY PROMOTIONS, d/b/a BUMPER2BUMPER
CAR SHOW, Appellant

 

V.

 

AL STAHELY, JR., d/b/a THE LAW
OFFICE OF AL STAHELY, JR., Appellee

 



 

On Appeal from the 270th District
Court

Harris County, Texas

Trial Court Cause No. 2002-12059

 



 

M E M O R
A N D U M   O P I N I O N

According
to the notice of appeal, this is an appeal from an order signed May 18, 2007,
granting the judgment creditor/appellee=s application for post-judgment
turnover of non-exempt assets and appointing a receiver.  The underlying
default judgment was signed July 19, 2002.  








Appellant
filed his brief on November 14, 2007.  By order filed November 29, 2007, this
court struck the brief for failure to comply with the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 38.1. 
Appellant=s amended brief was filed on December 17, 2007.  Appellant=s sole issue in his brief asks
whether appellant received due process before the 2002 default judgment was
entered.[1]  See Tex. R. App. P. 38.1(e) (requiring
brief to present concise statement of issues for review).  He has failed to
raise an issue challenging the May 18, 2007, turnover order named in his notice
of appeal.  See Tex. R. App. P. 25.1(d)
(requiring notice of appeal to include date of judgment or order being
appealed).  

No
appeal was perfected from the 2002 default judgment.  Appellant subsequently
filed a bill of review under trial court number 2006-43950 to challenge the default
judgment.  The bill of review proceeding was dismissed for want of prosecution
on March 2, 2007.  Appellant attempted to appeal that dismissal under our
appeal number 14-07-00427-CV.  Because the notice of appeal was untimely, this
court dismissed the appeal from the bill of review proceeding for want of
jurisdiction.  See Carmona v. Stahely, No. 14-07-00427-CV, (Tex.
App.CHouston [14th Dist.] Sept. 6, 2007,
no pet.) (mem. op.).  Appellant did not file a motion for rehearing or petition
for review, and this court=s mandate issued on November 16, 2007.  Unless a direct
attack on a judgment, such as by ordinary appeal or bill of review, is
successful, the judgment is valid and entitled to all the process for
enforcement and collection allowed by law.  Texas Dept. of Public Safety v.
Burrows, 976 S.W.2d 304, 306 (Tex. App.CCorpus Christi 1998, no pet.).








On
January 14, 2008, appellee filed a motion to dismiss this appeal for want of
jurisdiction.  See Tex. R. App.
P. 42.3(a).  Appellee asserts that this court lacks jurisdiction to
consider appellant=s appeal because he is attempting to challenge the 2002
judgment.  To date, appellant has filed no response to appellee=s motion.

This
court lacks jurisdiction to consider appellant=s attempted challenge to the 2002
default judgment.  See In re K.A.F, 160 S.W.3d 923, 927 (Tex. 2005)
(holding untimely notice of appeal failed to invoke jurisdiction of court of
appeals).  Appellant has presented no issue challenging the 2007 turnover
order.  A court of appeals cannot reverse a trial court except upon properly
assigned issues that have been adequately briefed.  Vawter v. Garvey,
786 S.W.2d 263, 264 (Tex. 1990) (per curiam).  If an appellant fails to argue a
ground that would warrant reversal, then the ground is waived.  San Jacinto
River Auth. v. Duke, 783 S.W.2d 209, 209‑10 (Tex. 1990) (per
curiam).  Appellant=s brief has presented nothing for this court to review.  See
Strange v. Cont=l Cas. Co., 126 S.W.3d 676, 678 (Tex. App.CDallas 2004, pet. denied).  

Appellee=s motion is granted.  Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed
February 21, 2008.

Panel consists of Chief Justice Hedges and Justices
Anderson and Boyce. 









[1]  Appellant has cited three cases in his brief: (1) Werner
Colwell, 909 S.W.2d 866, 869 (Tex. 1995) (stating judgment may not be
rendered against one who was neither named nor served as party defendant);  (2)
LBL Oil Co. v. Internat=l Paper
Servs., 777 S.W.2d 390, 391 (Tex.
1989) (reversing default judgment for lack of notice of hearing); and (3) Cockrell
v. Estevez, 737 S.W.2d 138, 140 (Tex. App.CSan Antonio 1987, no writ) (stating that purpose of citation is to give
court proper jurisdiction over parties and to provide notice to defendant that
he has been sued and by whom).  These cases fail to support reversal of the
turnover order appealed herein.